**In re TECHNICAL INDUSTRIES, INC., Debtor.**

**Clifford A. SUGARMAN, Trustee, Plaintiff,**

v.

**ROUSE CONSTRUCTION, INC., and Hanover Insurance Company, Defendants.**

**Bankruptcy No. 381–02737. Adv. No. 382–0105.**

United States Bankruptcy Court, M. D. Tennessee, Nashville Division.

July 20, 1982.

Bradley A. MacLean, Farris, Warfield & Kanaday, Nashville, Tenn., for Technical Industries, Inc.

James R. Mozingo, Stennett, Wilkinson & Ward, Jackson, Miss., William R. Willis, Jr., Robert Delaney, Willis & Knight, Nashville, Tenn., for Rouse Const., Inc. and Hanover Ins. Co.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue presented is whether the bankruptcy court should dismiss or abstain from hearing this adversary proceeding because the plaintiff is actively prosecuting a lawsuit identical to this one in the Mississippi state courts.[1] For the reasons below the Court will stay this proceeding pending the outcome of the Mississippi case.

Plaintiff[2] filed its complaint in this Court on February 12, 1982 seeking recovery of monies withheld by defendant, Rouse Construction, Inc. ("Rouse"), pursuant to certain construction contracts. Defendant, Hanover Insurance Company, is obligated on the applicable performance bond. Paragraph 8 of the complaint reveals that the debtor has an essentially identical lawsuit against Rouse in Mississippi state court and that this adversary proceeding is commenced "in order to preserve [the trustee's] rights in the event the aforementioned Mississippi state court action is dismissed for lack of jurisdiction or for any other reason."

---

1. The Mississippi state court action is styled *Technical Industries, Inc. v. Rouse Construction, Inc.*, No. 13–988 (Cir. Ct. Oktiebbeha Co.) filed in April of 1981. The parties agree that the two lawsuits are substantively identical.

2. Clifford A. Sugarman, trustee, was the original plaintiff. By subsequent order of court, Mr. Sugarman was removed as trustee and the debtor-in-possession reinstated. The case continues in the name of the former trustee.

Defendants have moved alternatively to dismiss or abstain [3] from hearing this adversary proceeding, asserting the following as bases:

1. Plaintiff has violated the law governing removal of actions from state courts to bankruptcy courts;

2. Plaintiff has instituted this action in an attempt to coerce the defendants into settlement;

3. The contract provides that any dispute concerning the contract must be brought in a Mississippi court;

4. The Court should abstain from deciding complex issues of Mississippi state law;

5. This Court is an inconvenient forum for the defendants;[4] and

6. It is inequitable to require defendants to litigate two suits regarding the same cause of action.

■ Defendants' assertion that the instant action is brought in an attempt to circumvent the removal requirements of 28 U.S.C.A. § 1478(a) (West Supp.1982) and Rule 7004 of the Interim Rules of Bankruptcy Procedure is without merit. Plaintiff admits that this adversary proceeding is essentially identical to the pending Mississippi state court action; however, plaintiff is not attempting to remove the Mississippi state court action to this Court but rather has instituted a separate second action. Defendants' argument that the plaintiff can proceed in this Court only by removal is not supported by either the language of § 1478(a), the legislative history of § 1478(a), or Interim Rule 7004. Section 1478(a) states permissively that a party "may remove." Rule 7004(a) speaks in terms of "a party desiring to remove" and "an application for removal may be filed." The legislative history of § 1478(a) states that § 1478(a) "permits removal". H.R. Rep.No.595, 95th Cong., 1st Sess. 448 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 156 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Clearly, such terms are permissive rather than mandatory. Plaintiff was not bound by statute to seek removal rather than file a new complaint in this Court. Thus, the technical requirements of the removal statute and rules do not bar this proceeding. *See Northern Pipeline Construction Co. v. Marathon Pipeline Company,* 6 B.R. 928, 931 (Bkrtcy.Minn.1980), *rev'd on other grounds,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ Defendants' assertion that this proceeding is merely an attempt by the plaintiff to coerce the defendants into settlement of the Mississippi state court action is not supported by any evidence.

■ The defendants' argument that the contract prohibits this proceeding is rejected.[5] The controlling precedent appears to be the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *M/S Bremen,* the Supreme Court rejected "the traditional view of many American courts that 'agreements in advance of con-

---

3. The request for abstention is made pursuant to 28 U.S.C.A. § 1471(d) (West Supp.1982) which provides for abstention from hearing a particular proceeding. Defendants do not request abstention from the entire case under 11 U.S.C.A. § 305 (West 1979).

4. This ground is stated but not argued by the defendants. The "convenience" issue arises if the court treats this portion of the defendant's motion as a request for change of venue. 28 U.S.C.A. § 1475 (West Supp.1982). For the reasons stated herein, no change of venue is warranted.

5. Article X(31) of the subcontract agreement between Technical Industries, Inc. and Rouse provides in part:

All matters relating to the validity, performance, interpretation or construction of this SUBCONTRACT AGREEMENT or the breach thereof shall be governed by and construed in accordance with the laws of the State of Mississippi. The SUBCONTRACTOR shall not institute any action or proceeding, in any way relating to this SUBCONTRACT AGREEMENT, against the CONTRACTOR and/or CONTRACTOR'S surety or insurance carriers, except in a court of competent jurisdiction in Mississippi. The locale of any arbitration shall be Jackson, Mississippi and the arbitration shall be administered by the Regional Office, American Arbitration Association.

troversy whose object is to oust the jurisdiction of the courts are contrary to public policy and will not be enforced.'" *M/S Bremen*, 407 U.S. at 6, 92 S.Ct. at 1911, 32 L.Ed.2d at 518 (citations omitted). In the context of an international towing agreement, the court enforced a contract provision requiring that any dispute be litigated in the High Court of Justice in London. The Supreme Court indicated, however, that contractual choice-of-forum provisions should not be enforced if to do so would violate the strong public policy of the forum in which the suit is brought or if enforcement of the clause would be unreasonable, unjust or unfair. Both exceptions are present in the instant case.

Enforcement of the choice-of-forum provision in this case would violate the fundamental policy of the Bankruptcy Code to provide a single forum in which to protect, preserve and distribute the assets of a bankrupt's estate. This cause of action is an asset of the debtor's estate. 11 U.S.C.A. § 541 (West 1979). The broad jurisdictional grant of 28 U.S.C.A. § 1471 (West Supp. 1982) is a clear statutory statement of congressional policy that the bankruptcy court is an available forum for the litigation of all matters regarding assets of a bankruptcy estate.[6] H.R.Rep.No. 595, 95th Cong., 1st Sess. 43–48 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 17 (1978). As the Supreme Court stated in *M/S Bremen*, "a contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916, 32 L.Ed.2d at 523 (citations omitted).

It would work a potential injustice in this case to enforce the choice-of-forum clause at this early stage of the litigation. There is no evidence in the record that the forum clause was a vital part of the agreement.

See *M/S Bremen*, 407 U.S. at 14, 92 S.Ct. at 1915, 32 L.Ed.2d at 523. Plaintiff commenced this second case after the defendants filed a jurisdictional attack in the Mississippi state court action. At the same time that defendants attacked the jurisdiction of the Mississippi court, defendants argued here that the contract prohibited suit anywhere except in the Mississippi court. To enforce the choice-of-forum provision under these circumstances could leave the debtor without a forum in which to try its lawsuit against the defendants. As a court of equity, this Court should preserve plaintiff's remedy until resolution of the Mississippi proceedings. The Court finds under these circumstances it would be unreasonable and unjust to enforce the contractual choice-of-forum provision.

■ In support of the motion to abstain, defendants assert that the instant proceeding involves interpretation of complex Mississippi state law which should be left to the Mississippi state court. The legislative history of the abstention statute, 28 U.S.C.A. § 1471(d) (West Supp.1982), states that "the subsection recognizes the exigencies that arise in such cases as *Thompson v. Magnolia Petroleum*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), in which it is more appropriate to have a state court hear a particular matter of state law." H.R.Rep. No.595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, p. 6401. However, the legislative history further provides that the bankruptcy courts should not abstain "when no other court, federal, state, or local, has jurisdiction over the proceeding in question. That clearly would not be in the interest of justice." *Id.*, U.S.Code Cong. & Admin.News 1978, p. 6401. Accordingly, in order to preserve a forum for plaintiff in the event the Mississippi state court action is dismissed on jurisdictional grounds, defendants' motion to abstain is denied.

---

**6.** The court reserves the question whether this conclusion or this proceeding is affected by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon* the Supreme Court noted

that "one of the express purposes of the Act was to ensure adjudication of all claims in a single forum and to avoid the delay and expense of jurisdictional disputes." *Marathon*, —— U.S. at ——, n. 40, 102 S.Ct. at 2880, n. 40.

■ Finally, defendants' contention that it is inequitable to require them to defend two suits concerning the same cause of action is properly dealt with by staying this proceeding pending the outcome of the Mississippi case. It is well established that where courts have concurrent jurisdiction, *in personam* actions involving the same parties and the same cause of action may proceed simultaneously in both forums. *Chicago, R. I. & P. R. Co. v. Schendel,* 270 U.S. 611, 615–616, 46 S.Ct. 420, 422, 70 L.Ed. 757 (1926); *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981). The institution of the second suit has no effect on the prior suit; however, the first final judgment rendered is generally entitled to *res judicata* effect without regard to the order in which the two were commenced. *Id.* In *Schendel* two men, Hope and Elder, were involved in a railway accident. Hope's widow brought an action in Minnesota state court under the Federal Employer's Liability Law. The railway company instituted an Iowa state court proceeding under the Iowa Workmen's Compensation Act. On June 2, 1923, an Iowa state court entered final judgment in favor of Hope's widow. On March 4, 1924, a Minnesota court held that Hope had been engaged in interstate commerce and was entitled to relief under the federal act. The U. S. Supreme Court granted *certiorari* in the Minnesota case. The Supreme Court held that " 'where the action first brought is *in personam* and seeks only a personal judgment another action for the same cause in another jurisdiction is not precluded.' " *Schendel,* 270 U.S. at 616, 46 S.Ct. at 422, 70 L.Ed. at 762 *citing Kline v. Burke Construction Co.,* 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). The court found that the Iowa state court judgment was the first final judgment rendered and should have been given *res judicata* effect in the Minnesota case.

In this case, the plaintiff has effectively preserved its right to bring this cause of action by timely instituting this adversary proceeding. *See* 11 U.S.C.A. § 108 (West 1979).[7] The plaintiff has stated its desire to continue prosecution of the state court action before any further proceedings in this Court. Therefore, it is the determination of this Court that defendants' motion to dismiss is denied, but this adversary proceeding shall be stayed pending a final resolution of the plaintiff's Mississippi state court case.

An appropriate order will be entered.

---

7. Section 108(a) provides the trustee may commence an action only before the later of (1) the end of a period fixed by applicable law, an order entered in a proceeding, or an agreement and (2) two years after the order for relief.