## In re WHEELING–PITTSBURGH STEEL CORPORATION, et al., Debtors.

## WHEELING–PITTSBURGH STEEL CORPORATION, Plaintiff,

v.

## BLUE CROSS AND BLUE SHIELD OF WEST VIRGINIA, INC., Defendant.

**Bankruptcy No. 85–793 PGH.**
**Adv. No. 89–0022.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 12, 1989.

George L. Cass, Pittsburgh, Pa., for plaintiff.

William F. Dobbs, Charleston, W.V., for defendant.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

The debtor, Wheeling–Pittsburgh Steel Corporation ("Debtor"), filed its petition under Chapter 11 of the Bankruptcy Code on April 16, 1985. Blue Cross and Blue Shield of West Virginia, Inc. ("Blue Cross") filed three (3) proofs of claim, each asserting administrative priority. The debtor filed this adversary proceeding objecting to priority status of Blue Cross's claims and asserting counterclaims against Blue Cross. Blue Cross has filed a Motion to Dismiss or for Change of Venue.

### Facts

Pursuant to a written agreement dated December 28, 1983 ("1983 Agreement"), Blue Cross administered the debtor's employee health plans. Blue Cross paid employee health claims and received reimbursement and an administrative fee from the debtor.

Upon commencement of the debtor's Chapter 11 case, Blue Cross suspended benefit payments. Blue Cross and the debtor then negotiated an arrangement whereby Blue Cross continued to administer the debtor's health plans in accordance with the 1983 Agreement except that Blue Cross would not pay benefits under the health plans until payment was received

from the debtor. A letter dated April 26, 1985 confirmed this arrangement ("Modification Letter").

The debtor asserts that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); that Blue Cross consented to venue in this court by filing proofs of claim asserting administrative priority; that 28 U.S.C. § 1409(d) is not applicable to a core proceeding concerning the administration of the bankruptcy estate where counterclaims are made against parties filing claims; even absent bankruptcy, venue is proper in this district under 28 U.S.C. § 1391; and that the Forum Selection Clause of the Agreement is not applicable to core proceedings in bankruptcy.

Blue Cross asserts that its proofs of claim arise from prepetition transactions under the 1983 Agreement, while the debtor's counterclaims arise from postpetition transactions under the 1985 Agreement. Blue Cross argues that the counterclaims are unrelated to its proofs of claim and, therefore, the debtor's counterclaims commence an entirely separate action.

Blue Cross further asserts that this proceeding arises from the operation of the debtor's business after the commencement of the case, and therefore 28 U.S.C. § 1409(d) requires venue in the district in which, under applicable nonbankruptcy venue provisions, the action may be brought. Blue Cross asserts that there is no federal jurisdiction and state law venue provisions apply; that under state law, the Forum Selection Clause in the Agreement would be given effect and Ohio County, West Virginia is the proper venue. Finally, Blue Cross asserts that this is not a core proceeding as defined in 28 U.S.C. § 157 and Blue Cross is entitled to adjudication by an Article III court and a jury trial on the debtor's counterclaims.

We must decide whether we have jurisdiction and whether venue is proper in this court.

1. The statute actually makes reference to a trustee; however, "it is clear that suits by debtors in possession should also be included". 1

*Discussion*

■ The jurisdiction of the Bankruptcy Court is set forth in 28 U.S.C. § 157. "Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, ..." 28 U.S.C. § 157(b)(1).

Core proceedings include:
(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate ...;
(C) counterclaims by the estate against persons filing claims against the estate;
28 U.S.C. § 157(b)(2).

Blue Cross has filed proofs of claim against the estate. The debtor objects to the administrative priority status claimed by Blue Cross and has filed counterclaims. Bankruptcy Rule 3007 permits the debtor to join a demand for relief with objections to claims. This procedure commences an adversary proceeding. Clearly, this matter is a core proceeding and we have jurisdiction under 28 U.S.C. § 157(b)(2).

■ The venue of proceedings under Title 11 is dictated by 28 U.S.C. § 1409:
(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
. . . .
(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.[1]

The debtor and Blue Cross entered into a lengthy contract in 1983. Upon commence-

*Collier on Bankruptcy*, ¶ 3.02, p. 3–134, n. 44 (15th ed. 1988) citing *In re B & L Oil Co.*, 42 B.R. 808, 11 C.B.C.2d 461 (Bankr.D.Colo.1984).

ment of this case, the method of payment was modified, but all other terms and conditions of the 1983 Agreement remained in effect. The modification is set forth in the Modification Letter dated April 26, 1985.

Most, but not all, of the debtor's counterclaims relate to the postpetition period, while Blue Cross's proofs of claim relate to the prepetition period. However, all of Blue Cross's claims and the debtor's counterclaims are logically connected and arise out of the same transaction, the 1983 Agreement, as amended by the Modification Letter. Resolution of the debtor's counterclaims is necessary for adjudication of Blue Cross's claims. Blue Cross's claims asserting administrative priority and any offsets against those claims in the form of counterclaims relate to administration of the estate. Adjudication of claims and related counterclaims is a Title 11 matter. Regardless of how or where commenced in the federal court system, it would be referred to the jurisdiction of the bankruptcy court. *See, In re Meyertech Corp.,* 831 F.2d 410 (3d Cir.1987). It would be a waste of judicial effort to resolve these intertwined matters in two separate forums. Accordingly, proper venue rests with this court.

■ Blue Cross also points out that Section XI of the 1983 Agreement provides:

Applicable Law

The venue for any action commenced shall be Ohio County, West Virginia.

■ The right to specific performance of a forum selection clause is not absolute. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 196 (3d Cir.1983). A court having subject matter jurisdiction must weigh competing considerations in deciding on enforceability of such a clause. *Id.* A forum selection clause is presumptively valid and will be enforced unless (1) it is the result of fraud or overreaching, (2) enforcement would violate a strong public policy of the forum, or (3) enforcement would, in the particular circumstances of the case, result in litigation so seriously inconvenient as to be unreasonable. *Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92

S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Coastal Steel,* 709 F.2d at 202.

■ Public policy and inconvenience require us to deny enforcement of Blue Cross's forum selection clause. Public policy favors centralization of bankruptcy proceedings in the bankruptcy court where the case is pending. *Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.,* 53 B.R. 1007 (S.D. N.Y.1985); *In re Technical Industries, Inc.,* 21 B.R. 863, 866 (Bankr.M.D.Tenn. 1982). A disputed claim is a core matter to be heard by the bankruptcy court despite a forum selection clause. *In re Ellwood City Iron & Wire Co.,* 59 B.R. 53 (Bankr. W.D.Pa.1986). Proceeding in two separate forums to adjudicate related claims and counterclaims is a manifest inconvenience for the parties and the court system. The case is pending in this court. This is the most convenient forum. Enforcement of the forum selection clause will be denied.

■ Blue Cross asserts a right to a jury trial on the debtor's counterclaims. The Bankruptcy Court has summary jurisdiction over core proceedings adjudicating claims and related counterclaims filed in a bankruptcy proceeding. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). This process is integral to the restructuring of debtor-creditor relations. The Supreme Court's decision in *Katchen* remains unaltered and when Blue Cross filed its claims, the right to a jury trial on related counterclaims was lost. *Granfinanciera v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

An appropriate order will be entered.