In re **MERCURY MASONRY CORPORATION** and Lasala Enterprises, Inc., Debtors.

**MERCURY MASONRY CORPORATION,**
Plaintiff,

v.

**TERMINAL CONSTRUCTION CORPORATION, Defendant.**

**Bankruptcy No. 87 B 20425–26.
No. 90 ADV 6024.**

United States Bankruptcy Court,
S.D. New York.

May 7, 1990.

As Amended May 10, 1990.

Glenn E. Siegel, Shea & Gould, New York City, for plaintiff.

Harvey S. Barr and John E. Oliva, Barr & Rosenbaum, Spring Valley, N.Y., for defendant.

Ira R. Abel, Angel & Frankel, P.C., New York City, for creditor's committee.

## DECISION ON MOTION TO DISMISS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This is a Motion to Dismiss the complaint of the plaintiff, Mercury Masonry Corporation ("Mercury"), brought by the defendant, Terminal Construction Corporation ("Terminal"), pursuant to Federal Rule of Civil Procedure 12(b)(3) which is made applicable herein by Bankruptcy Rule 7012(b).

### FACTS

1. Mercury commenced this case on September 10, 1987 by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code and thereafter continued in the operation of its business as a debtor in possession pursuant to the terms and provisions contained in 11 U.S.C. §§ 1107 and 1108.

2. By Notice of Motion dated November 20, 1987 ("Notice of Motion"), Terminal moved, pursuant to 11 U.S.C. § 365 for an order directing Mercury to either assume or reject a subcontract entered into by the parties on November 7, 1983 ("the subcontract").

3. The subcontract provided that Mercury would furnish all the labor and materials necessary for the completion of masonry work on a federal office building in Jamaica, New York ("the building") and would receive as consideration for such work the sum of $5,250,000.00. Terminal was the general contractor of the Building under a prime contract with the General Services Administration.

4. A hearing on the Notice of Motion was held which resulted in this court entering an order, on January 8, 1988, directing

Mercury to assume or reject the subcontract on or before January 10, 1988. Mercury filed a motion to assume the subcontract.

5. Subsequently, at the February 10, 1988 hearing on the assumption of the subcontract, Mercury took the position that the subcontract had been previously terminated due to Terminal's default and as a result, there was no existing contract which could be assumed or rejected by Mercury.

6. An order was entered by this court on February 23, 1988 which ordered that "Mercury Masonry Corporation be deemed to have rejected the aforesaid executory contract, ..."

7. A subsequent order was signed by this court on April 5, 1988 which amended the February 23, 1988 order. The amendment consisted of two parts. First, the February 23, 1988 order was amended to provide that, "to the extent Mercury has not previously terminated the aforesaid executory contract for cause, Mercury be, and it hereby is, deemed to have rejected the aforesaid executory contract, ..." Second, the February 23, 1988 order was amended to provide that, "to the extent it has not already been terminated by Mercury for cause, the aforesaid executory contract is rejected."

8. A proof of claim, in the amount of $5,000,000.00 was filed by Terminal which alleged that breach of contract was the consideration for the debt and the liability.

9. On March 2, 1990, an adversary proceeding ("adversary proceeding") was commenced by Mercury, pursuant to Bankruptcy Rule 7001(1), in which Mercury seeks an "award against Terminal of not less than $3,636,377.18 in compensatory damages for breach of contract, costs, disbursements and reasonable attorneys' fees."

10. Terminal seeks dismissal of the adversary proceeding on the following grounds:

(a) a forum selection clause[1] in the subcontract mandates that all litigation arising from the subcontract must be commenced in Bergen County, New Jersey,

(b) the claim of Mercury arose post-petition and purusant to 28 U.S.C. § 1409(d) may not be litigated in the Bankruptcy court; and

(c) the action is a non-core proceeding from which this court should abstain pursuant to 28 U.S.C. § 1334(c)(1).

## DISCUSSION

### Jurisdiction

In accordance with 28 U.S.C. § 157(b)(1), this court may determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, which have been referred by the district court under 28 U.S.C. § 157(a). A nonexhaustive list of core proceedings are contained in 28 U.S.C. § 157(b)(2), which include the following:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, ...

(C) counterclaims by the estate against persons filing claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

A bankruptcy court is also given authority, pursuant to 28 U.S.C. § 157(c)(1), to "hear a proceeding that is not a core proceeding but that is otherwise related to a

---

**1.** The forum selection clause states as follows: The subcontractor agrees that it will not commence any action, whether at law or at equity, against the Contractor, or the sureties on the performance and/or payment bond, if any, given by the Contractor to the owner because of any matter whatsoever arising out of the

alleged breach of performance of this agreement, in the courts of any state other than the State of New Jersey. It is further agreed that if any action shall be brought in the courts of the State of New Jersey, such action shall be commenced only in the venue of the County of Bergen and no other county.

case under title 11." The bankruptcy court may issue final orders in core proceedings which are reviewed under the appellate procedure set forth in 28 U.S.C. § 158. *See* 28 U.S.C. § 157(b)(1). However, in a proceeding which is "related to" a case under title 11, a bankruptcy judge must issue proposed findings of fact and conclusions of law which are subject to a *de novo* review by the district court. *See* 28 U.S.C. § 157(c)(1).

This adversary proceeding is based upon an alleged breach of a prepetition subcontract by Terminal in which Mercury seeks compensatory damages in the amount of at least $3,636,377.18. In addition, Mercury objects to the proof of claim filed by Terminal, in the amount of $5,000,000.00, which is based upon an alleged breach by Mercury of the same prepetition subcontract.

■ The Supreme Court in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), recently noted that by filing a proof of claim, a creditor submits itself to the equitable jurisdiction of the bankruptcy court for purposes of allowance or disallowance of the claims. *Granfinanciera*, 492 U.S. ——, 109 S.Ct. 2782, 2799 n. 14, 106 L.Ed.2d 26, 52, n. 14, *see also, Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). By filing a proof of claim, Terminal has submitted to the jurisdiction of this court for purposes of determining this adversary proceeding, because a determination of the claims and objections set forth in the adversary proceeding would necessarily involve an adjudication of the validity and amount of the claim set forth in Terminal's proof of claim. Furthermore, this proceeding is a core proceeding which falls within the confines of 28 U.S.C. § 157(b)(2)(A), (B) and (O) because it affects the allowance or disallowance of claims against the estate, the debtor-creditor relationship and ultimately, the administration of the estate.

The procedural posture of this case is somewhat analogous to that of *Wheeling–Pittsburgh Steel Corp. v. Blue Cross and Blue Shield of West Virginia, Inc. (In re Wheeling–Pittsburgh Steel Corp.)*, 108 B.R. 82 (Bkrtcy.W.D.Pa.1989); a case in which the debtor objected to the administrative priority status of three proofs of claims filed by Blue Cross and Blue Shield of West Virginia, Inc. ("Blue Cross") and filed counterclaims against the proofs of claims. *Id.* at 84. The court held that the proceeding was core and that jurisdiction existed pursuant to 28 U.S.C. § 157(b)(2). *Id.* As the *Wheeling* court noted, Bankruptcy Rule 3007 provides that an objection to a claim that is joined with a demand for relief of the kind set forth in Bankruptcy Rule 7001, converts the objection to an adversary proceeding. *Id.*

■ In the instant case, Mercury simply chose to institute the adversary proceeding directly rather than indirectly by initiating an adversary proceeding at the outset, instead of. relying upon Bankruptcy Rule 7001 to convert the matter to an adversary proceeding. This more direct approach would prevent a court from classifying the proceeding as core under 28 U.S.C. § 157(b)(2)(C), but it in no way affects the classification of the proceeding as core under other subsections of 28 U.S.C. § 157(b)(2).

### The Forum Selection Clause

■ In determining the enforceability of a forum selection clause, it is necessary for a court to ascertain whether state or federal law is applicable. The Court of Appeals for the Second Circuit in *Jones v. Weibrecht*, 901 F.2d 17 (2d Cir.1990) has recently addressed this issue and determined that federal law applies because "forum selection clauses are procedural, rather than substantive in nature." *Id.* Furthermore, the *Jones* court determined that the standard which governs the enforceability of contractual forum clauses in diversity cases continues to be the standard enunciated in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), which is that a forum selection clause should be enforced unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or over-

reaching. *Id., citing The Bremen v. Zapata Off–Shore Co.,* 407 U.S. at 15, 92 S.Ct. at 1916. In so ruling, the court distinguished the recent Supreme Court decision in *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) in which the court decided the issue of whether state or federal law controlled a motion to transfer a case to the venue set forth in a forum selection clause contained in a contract between the parties. The Court of Appeals noted that the Supreme Court considered the forum selection clause as one factor in ascertaining the fairness and convenience of the forum for purposes of a transfer of venue motion filed pursuant to 28 U.S.C. § 1404(a), but that "[t]he same broad-based balancing is not appropriate when, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to preclude litigation from a venue other than a specific state court." *Jones v. Weibrecht,* 901 F.2d at 19.

■ As previously noted, the case of *In re Wheeling–Pittsburgh Steel Corporation v. Blue Cross and Blue Shield of West Virginia, Inc.,* 108 B.R. 82 (Bkrtcy. W.D.Pa.1989), is closely analogous to this proceeding. In that case, the court applied the *Bremen* standard to a forum selection clause contained in a prepetition contract between the parties in its determination to deny the enforcement of the clause. *Id.* at 85. The *Wheeling–Pittsburgh* court noted that "[p]ublic policy favors centralization of bankruptcy proceedings in the bankruptcy court where the case is pending." *Id., quoting, Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.,* 53 B.R. 1007 (S.D.N.Y. 1985), *aff'd,* 788 F.2d 5 (1986); *In re Technical Industries, Inc.,* 21 B.R. 863, 866 (Bankr.M.D.Tenn.1982).

Unlike many cases upholding forum selection clauses, this case does not involve international business dealings. *See, e.g., Northrop Corp. v. Triad Int'l Marketing S.A.,* 811 F.2d 1265 (9th Cir.1987), *cert. denied,* 484 U.S. 914, 108 S.Ct. 261, 98

L.Ed.2d 219 (1987), *amended* 842 F.2d 1154 (9th Cir.1988); *Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.,* 53 B.R. 1007 (S.D. N.Y.1985), *aff'd,* 788 F.2d 5 (1986). Instead, the forum selection clause would merely transfer the proceeding to Bergen County, New Jersey, which is right across the Hudson River from this courthouse. Retention of this proceeding by this court would not cause undue travel burdens to be placed upon the witnesses or the attorneys. Further, Terminal filed a proof of claim which must be either allowed or disallowed by this court. This will necessarily involve a determination of the issues currently before this court in the instant adversary proceeding. Therefore, if this proceeding were transferred, it would require an already financially troubled debtor to go to the expense of maintaining two separate suits when this court can adjudicate the claims of both parties in one proceeding. Additionally, enforcement of the forum selection clause would violate the public's interest in centralizing bankruptcy proceedings in the bankruptcy court where the case is pending.

Applying, the standard set forth in *Bremen,* this court finds that it would be unreasonable and unjust to apply the forum selection clause as a basis for dismissal of the adversary proceeding.

### *Venue*

■ Terminal alleges that it is seeking to dismiss Mercury's complaint under 28 U.S.C. § 1409(d), based on the forum selection clause. Terminal clearly states in its Reply Memorandum of Law that the motion is not one for change of venue, made pursuant to 28 U.S.C. § 1412 (*See* Pages 11 and 12 of Terminal's Reply Memorandum of Law dated April 23, 1990). As a result of this court's finding that the forum selection clause is unreasonable and inappropriate because it conflicts with the policy of centralizing bankruptcy proceedings in the Bankruptcy Court, that portion of Terminal's motion which seeks to dismiss the complaint pursuant to 28 U.S.C. § 1409(d) is denied.

**40**

### Voluntary Abstention

Terminal asserts that this court should voluntarily abstain, pursuant to 28 U.S.C. § 1334(c)(1), from this proceeding. It is true that there are some instances where in the interests of comity with state courts, a bankruptcy court should voluntarily abstain from hearing a proceeding before it. However, Terminal has failed to persuade this court that this is a proceeding which would be best tried in another forum.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

2. Federal law applies in this case because issues concerning venue and the enforcement of forum selection clauses are procedural, rather than substantive, in nature.

3. A forum selection clause should be enforced unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching.

4. The forum selection clause will not be enforced in this case because enforcement would be inappropriate and unreasonable.

5. Terminal's motion to dismiss, pursuant to 12(b)(3), is denied.

6. The request by Terminal for dismissal, under 28 U.S.C. § 1409(d), based upon the forum selection clause is denied.

7. Terminal's request for voluntary abstention, pursuant to 28 U.S.C. § 1334(c)(1), is denied.

SETTLE ORDER ON NOTICE.