In re BEN COOPER, INC., Light Manufacturing Co., Inc., Aimwell Products, Inc., Ben Cooper Sales Corp., Debtors.

BEN COOPER, INC., Appellant,

v.

The INSURANCE COMPANY OF The STATE OF PENNSYLVANIA, Kalvin–Miller International, Inc., and Kerwick & Curran, Inc., Appellees.

No. 486, Docket 89–5026.

United States Court of Appeals, Second Circuit.

Submitted Jan. 2, 1991.

Decided Jan. 22, 1991.

**37**

Kenneth W. Starr, Sol. Gen., Stuart M. Gerson, Asst. Atty. Gen., John G. Roberts, Jr., Deputy Sol. Gen., Stephen J. Marzen, Asst. to the Sol. Gen., William Kanter, Katherine S. Gruenheck and Robert M. Loeb, Attys. Dept. of Justice, Washington, D.C., filed a brief on behalf of intervenor United States.

Lawrence L. Ginsburg, Charles S. Biener, and Lowenthal, Landau, Fischer & Ziegler, New York City, filed a brief on behalf of appellant.

Stuart Cotton, Karen M. Cooke, and Mound, Cotton & Wollan, New York City, filed a brief on behalf of appellees.

Before TIMBERS, CARDAMONE and PRATT, Circuit Judges.

TIMBERS, Circuit Judge:

On November 13, 1990, the Supreme Court entered a judgment, 111 S.Ct. 425 (1990), vacating our opinion and judgment entered February 7, 1990, reported at 896 F.2d 1394, on the ground that "the Court of Appeals should address the jurisdictional issue in the first instance...." 111 S.Ct. at 425.

By an order dated November 27, 1990, we directed the parties to file briefs addressed to the jurisdictional issue. The parties filed briefs, as did the Solicitor General on behalf of the United States which had been granted the status of intervenor by the Supreme Court.

All parties to these proceedings, as well as the Solicitor General, ultimately agree that we had jurisdiction to review the district court judgment that was the subject of the instant appeal. We conclude in the exercise of our independent judgment that we had jurisdiction. While the parties and the Solicitor General reach this result by different analyses, we agree with the analysis of the Solicitor General.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on this remand from the Supreme Court.

In April 1988, appellant Ben Cooper, Inc. (Cooper), a manufacturer, filed a voluntary petition for reorganization pursuant to Chapter 11. The reorganization plan entered into required it to obtain insurance for its facilities. Cooper obtained insurance from appellee Insurance Company of the State of Pennsylvania (ICSP) through brokers, appellees Kalvin–Miller International, Inc. (K–M) and Kerwick & Curran, Inc. (K & C). After a fire loss in January 1989, Cooper filed a claim with ICSP. In April 1989, ICSP commenced an action in the state court, seeking, *inter alia,* to void the insurance policy because of alleged misrepresentations made by Cooper in its policy application.

On May 9, 1989, Cooper obtained from the bankruptcy court (Blackshear, J.) a stay of the state court action and a preliminary injunction requiring ICSP to maintain the policy. Cooper also commenced an adversary proceeding in the bankruptcy court. It sought, *inter alia,* a declaration that ICSP was liable for all losses sustained in the fire. Appellees opposed the bankruptcy court's jurisdiction over the adversary proceeding and moved in the district court for withdrawal of the reference. They also moved to have the state court stay and the preliminary injunction lifted. The district court (Walker, J.) remanded the case to the bankruptcy court for a determination whether the claims in the proceeding were "core" or "non-core."

On June 15, 1989, the bankruptcy court entered an order holding that the proceeding was core and retaining jurisdiction. The district court (Stanton, J.) reversed. By oral decision dated July 11, 1989, the

district court held that the adversary proceeding was non-core and that appellees were entitled to a jury trial on at least some of the issues raised; it also withdrew the reference to the bankruptcy court, abstained from exercising its own jurisdiction and lifted the stay of the state court proceedings.

On appeal to our Court, the issues were defined as whether the adversary proceeding was core and whether appellees are entitled to a jury trial. 896 F.2d at 1397. We reversed the district court, holding, *inter alia*, that the proceeding was core.

ICSP and K & C petitioned the Supreme Court for certiorari, which was granted on June 28, 1990. Briefs on the merits were filed by the parties and by the Solicitor General on behalf of the United States. In its brief, the Solicitor General addressed the question of our jurisdiction and concluded that the "judgment of the court of appeals should be affirmed." On November 13, 1990, the Supreme Court remanded the case to us for consideration of the jurisdictional question.

## II.

 We turn now to the question of our jurisdiction. We agree with the Solicitor General that, had the district court gone no further than to withdraw the reference to the bankruptcy court, that decision would have been interlocutory and not appealable pursuant to either 28 U.S.C. § 158(d) (1988) (providing for appeals of final decisions of district courts that dispose of bankruptcy appeals) or 28 U.S.C. § 1291 (1988) (providing for appeals of final decisions of district courts). *E.g., In re Chateaugay Corp.,* 826 F.2d 1177, 1179 (2 Cir.1987) (holding that an order granting or denying withdrawal is not an appealable order).

We agree further with the Solicitor General that the interlocutory withdrawal order here merged into the final judgment and thus became reviewable. The district court ultimately abstained from exercising jurisdiction. Since we have found previously and reinstate today

our finding that the the adversary proceeding was "core," it follows necessarily that the proceeding was not a candidate for "mandatory abstention" pursuant to 28 U.S.C. § 1334(c)(2), which provides that a district court "shall abstain" from exercising jurisdiction in a case "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." Section 1334(c)(2) further provides that any abstention decision made under that subsection is "not reviewable by appeal or otherwise." The district court's abstention, however, could only have been pursuant to § 1334(c)(1), which provides that a court *may* abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In view of our finding that the adversary proceeding is "core", § 1334(c)(1) abstention ("permissive abstention") was all that could have been exercised by the district court. Nothing prevents appellate review of such an abstention decision.

## III.

Having found that we had jurisdiction to review the district court's judgment, we now reinstate our previous opinion and judgment, 896 F.2d 1394, reversing the district court's judgment.

## IV.

To summarize:

We had jurisdiction to hear an appeal from a district court judgment that, *inter alia*, withdrew a reference from a bankruptcy court and at the same time abstained from exercising jurisdiction in a core proceeding. Our previous opinion and judgment, 896 F.2d 1394, are reinstated. Appellant and appellees shall bear their own costs.