In re **READING CHINA & GLASS COMPANY INC.**

**READING CHINA & GLASS COMPANY, INC.**

v.

**INDIA EXOTICS (TWO CASES).**

**Bankruptcy No. 90–20714T.**

**Adv. No. 90–2447.**

**Misc. No. 91–0122.**

United States District Court, E.D. Pennsylvania.

March 27, 1991.

Joseph B. Finlay, Jr., Cohen, Pincus, Verlin, Hahn, Reich & Sch, Philadelphia, Pa., for plaintiff.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., A. Thomas Dewoskin, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are defendant India Exotics' ("India") Motion to Withdraw [1] Adversary Action No. 90–2447, and

---

**1.** 28 U.S.C. § 157(d) empowers a district court

to withdraw, in whole or in part, any case or

plaintiff Reading China & Glass Company's ("Reading") response.[2] For the following reasons, defendant's Motion is DENIED.

## I.  FACTUAL BACKGROUND

On March 28, 1990, Reading filed a petition for Chapter 11 Bankruptcy in the Bankruptcy Court for the Eastern District of Pennsylvania. Thereafter, Reading commenced an adversary action against India to set aside certain transfers as voidable preferences pursuant to 11 U.S.C. § 547 of the Bankruptcy Code. This proceeding was alleged to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F) and (O).[3] India answered the complaint demanding a jury trial but contending that the matter could not be heard by the Bankruptcy Court. The instant motion seeking withdrawal of this adversary proceeding followed.

## II.  DISCUSSION

The instant motion requires this Court to decide the question left open by the Supreme Court in *Granfinanciera v. Norberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In *Granfinanciera*, the Supreme Court held that, under the Seventh Amendment:

a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by a bankruptcy trustee in bankruptcy to recover an allegedly fraudulent money transfer ... notwithstanding Congress designation of

fraudulent conveyance actions as core proceeding in 28 U.S.C. § 157(b)(2)(H).

109 S.Ct. at 2787. The issue of whether a bankruptcy court may conduct a jury trial, the issue that confronts this Court today, was left open for future decision:

We do not decide today whether the current jury trial provision—28 U.S.C. § 1411 (1982 ed. Supp. IV)—permits bankruptcy courts to conduct jury trials in fraudulent conveyance actions like the one respondent initiated. Nor do we express any view as to whether the Seventh Amendment or Article III allows jury trials in such actions to be held before non-Article III bankruptcy judges subject to oversight provided by the district courts pursuant to the 1984 Amendments. We leave those issues for future decisions.

109 S.Ct. at 2802.

India contends that the Bankruptcy Court is without authority to conduct a jury trial. In support of this argument, India directs this Court to *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir.1990) and *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380 (10th Cir.1990). These cases held that bankruptcy judges are not authorized to conduct jury trials in which preferential transfers are sought to be voided. In response, Reading maintains that the adversary action here is a core proceeding and, therefore, the bankruptcy court has jury trial authority.[4]

---

proceeding referred to under § 157, on its own or on timely motion by any party, for cause shown.

**2.**  Reading has not filed a formal brief but has submitted a letter to the Clerk of the Bankruptcy Court conveying its position which this Court will treat as a response. Additionally, Reading has filed two successive Motions for Reconsideration (Document #s 2 and 3) erroneously assuming that this Court has already ordered the relief sought by the defendant. Accordingly, the reconsideration motions are part of Reading's response.

**3.**  Section 157(b)(1) authorizes Bankruptcy Judges to hear, determine and enter appropriate orders and final judgments all core proceedings arising under Title 11 of the Bankruptcy Code. 28 U.S.C. § 157(b)(1) (Supp.1990). Core pro-

ceedings include proceedings to avoid or recover preferences, 28 U.S.C. § 157(b)(2)(F), to avoid or recover fraudulent conveyances, 28 U.S.C. § 157(b)(2)(H), or other proceedings affecting the liquidation of estate assets, adjustment of the debtor-creditor or the security holder relationship except personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(O).

**4.**  In *Langenkamp v. C.A. Culp*, ── U.S. ──, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990), *reh'g denied*, ── U.S. ──, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991), the Supreme Court held that a party who files a proof of claim against the debtor submits to the equitable jurisdiction of the bankruptcy court and, therefore, is not entitled to a jury trial in a preference action. Relying on this case, Reading claims that India's motion

Although the Third Circuit has not confronted this issue, *Metro Transp. Co. v. North Star Reinsurance Co.*, 912 F.2d 672, 675 n. 1 (3d Cir.1990), a district court in *Jackson v. Leonard (In re Jackson)*, 118 B.R. 243 (E.D.Pa.1990) has concluded that bankruptcy courts have authority to conduct jury trials over core claims. 118 B.R. at 252.[5] *See also Baskin v. Wade (In re Brenner)*, 119 B.R. 495, 497 n. 1 (Bankr. E.D.Pa.1990). After review of the conflicting authorities on this issue,[6] this Court adopts the conclusion and rationale advanced in *Jackson* as it applies to core proceedings seeking to void transfers in violation of 11 U.S.C. § 547. *Accord Committee of Unsecured Creditors of North Carolina Hosp. Ass'n Trust Fund v. Memorial Mission Medical Center, Inc. (In re North Carolina Hosp. Ass'n Trust Fund )*, 112 B.R. 759, 763 (Bankr.E.D.N.C. 1990) (preference action); *Raleigh v. Stoecker (In re Stoecker)*, 117 B.R. 342, 347 (Bankr.N.D.Ill.1990) (fraudulent conveyance action). Accordingly, the motion to withdraw adversary action No. 90-2447

in the underlying Chapter 11 proceeding is denied.

---

is deficient because it fails to specify whether India filed a proof of claim against Reading in the underlying Chapter 11 proceeding. This Court has examined the list of 238 Chapter 11 claimants and India Exotics is not among them. Therefore, this argument must be rejected.

5. The court's conclusion in *Jackson* recognized that Congress did not address nor contemplate the issue of whether bankruptcy courts could conduct jury trials and, therefore, any search for congressional intent would be "illusory." 118 Bankr. at 251. In absence of a clear legislative mandate, the court proposed that the issue should be resolved by reference to the soundest mode of judicial administration. *Id.* at 252. The court concluded that the logical choice for the conduct of jury trials in certain bankruptcy matters was the bankruptcy judge. *Id.* (citing E. Gibson, *Jury Trials in Bankruptcy*, 72 Minn.L. Rev. 967, 1027 (1988)). Next, the court, referring to *Ben Cooper, Inc. v. Insurance Co. of the State of Pennsylvania (In re Ben Cooper)*, 896 F.2d 1394 (2d Cir.1990), spoke to the constitutional concerns surrounding this issue. Agreeing with the Second Circuit, the court held that it was not inconsistent with Article III for a non-Article III judge to preside over jury trials and that a jury trial in a non-Article III court satisfied the provisions of the Seventh Amendment. *Id.* at 252-53.

6. *Jackson* relied, in part, on *Insurance Co. of the State of Pennsylvania (In re Ben Cooper*, 896

F.2d 1394 (2d Cir.1989), holding that jury trials conducted by bankruptcy courts was consistent with the Constitution. On June 28, 1990, the Supreme Court granted certiorari, *Insurance Co. of the State of Pennsylvania v. Ben Cooper, Inc.*, — U.S. —, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), to consider, *inter alia*, whether a jury trial in bankruptcy court comported with Article III and the Seventh Amendment when an Article I judge presides over the trial subject to only appellate review in district court. 58 U.S. L.W. 3827 (June 26 1990). Oral argument was scheduled for December 3, 1990, but on November 13, 1990 the Supreme Court vacated the Second Circuits opinion and remanded for consideration of whether jurisdiction to decide that matter existed in the first instance. *Insurance Co. of the State of Pennsylvania v. Ben Cooper, Inc.*, — U.S. —, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990). On remand, the Second Circuit held that it had jurisdiction over the appeal and reinstated its prior decision. *Insurance Co. of the State of Pennsylvania v. Ben Cooper, Inc., (In re Cooper)*, 924 F.2d 36, 38 (2d Cir.1991). A writ of certiorari was filed with the Supreme Court on February 11, 1991. *Cooper v. Williamson County Board of Education*, No. 90-1280 (1991), 59 U.S.L.W. 3583. A disposition conference on the matter is currently scheduled for April 17, 1991. If certiorari is granted, oral argument will not be scheduled and a decision not rendered until the next term.