**In re NUTRI/SYSTEM, INC., Debtor.**

**NUTRI/SYSTEM, INC., Plaintiff,**

**v.**

**CARMA, INC., Ding–Ding, Inc., Michael S. Mapes, Carolina Mapes, and Health Plus Weight Control Systems, Inc., Defendants.**

**Misc. No. 93–225.**
**Bankruptcy No. 93–12725S.**
**Adv. No. 93–0617.**

United States District Court,
E.D. Pennsylvania.

Oct. 5, 1993.

**726**

Margaret S. Woodruff and Nicholas J. LePore, III, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for plaintiff.

John J. Mezzanotte, Jr., Barnard and Gannon, Media, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the appeal of defendants Carma, Inc., Ding–Ding, Inc., Michael and Carolina Mapes and Health Plus Weight Control Systems, Inc., from the order entered on September 13, 1993 by the Honorable David A. Scholl of the Bankruptcy Court. On September 20, 1993, this Court granted defendants' request for a stay on all proceedings in the adversary action (which was filed by plaintiff on August 10, 1993), until October 4, 1993, pending disposition by this Court of defendant's appeal. For the reasons stated below, we now affirm Judge Scholl's order regarding defendants' objections to venue and denying their motion for a change of venue, and denying defendants' motion to determine the adversary proceeding to be non-core.

This matter arises from a bankruptcy action which commenced on May 4, 1993, when plaintiff, Nutri/System, Inc., was involuntarily placed into Chapter 7 bankruptcy, and then converted to Chapter 11 bankruptcy on June 4, 1993. Plaintiff had previously entered into various franchise agreements with defendants Carma, Inc. and Ding–Ding, Inc., with defendants Michael and Carolina Mapes agreeing to be bound by the franchise agreements. The Mapes, who are South Dakota residents, are principals and officers of Carma, Inc. and Ding–Ding, Inc., which are South Dakota corporations. Defendant Health Plus Weight Control Systems, Inc. is a weight loss company incorporated in Nevada, with its principal place of business in Orem, Utah.

In the appeal, defendants argue that Judge Scholl's ruling which determined the adversary proceeding to be a core proceeding as opposed to a non-core proceeding is incorrect. For the following reasons, we reject defendants' contention and find the adversary proceeding to be a core proceeding, and therefore, under the jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(1).

Plaintiff's complaint involves allegations of violations by defendants of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for alleged misuse and misappropriation of plaintiff's trademarks, as well as claims for breach of contract, tortious interference with contractual relations, misappropriation, unjust enrichment, unfair competition, trademark and trade name dilution, false advertising and deceptive trade practices under statutory and common law. These allegations directly refer to defendants' post-petition conduct, or rather, conduct which arose after institution of the bankruptcy proceeding.

Defendants' argue that this proceeding is non-core because the allegations involve rights which arose before the filing of the bankruptcy petition, and which would be

viable independent of the bankruptcy proceeding, in light of *Northern Pipeline Constr. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), even though the allegations involve post-petition conduct. However, given the broad interpretation of core proceedings as dictated by Congress, *In re Arnold Print Works, Inc.,* 815 F.2d 165, 168 (1st Cir. 1987), we find that plaintiff's allegations are not independent of the bankruptcy proceeding because they concern defendants' post-petition conduct which is clearly covered by 28 U.S.C. § 157(b)(2), subsections (A) (relating to matters concerning the administration of the estate), (M) (relating to orders approving the use of property of the bankruptcy estate) and (O) (relating to proceedings affecting liquidation of the assets of the bankruptcy estate). As such, they are not non-core simply because the contracts arose prior to the bankruptcy petition. *In re Arnold Print Works, Inc.,* 815 F.2d at 168–71 (proceeding to collect post-petition debt is core); *In re 222 Liberty Associates,* 110 B.R. 196, 199–200 (Bankr. E.D.Pa.1990) (proceeding to collect an account receivable for which cause of action arose post-petition is core); *Valley Forge Plaza Associates v. Fireman's Fund Ins. Cos.,* 107 B.R. 514, 517–18 (Bankr.E.D.Pa. 1989) (post-petition claim for breach of contract arising out of pre-petition contract is core).

■ Defendant next argues that venue is improper in this district and should be in the District of South Dakota pursuant to 28 U.S.C. § 1409(d) and 28 U.S.C. § 1391(b). However, we hold that because this adversary proceeding involves allegations of post-petition breaches of a pre-petition contract, venue is proper in this district pursuant to 28 U.S.C. § 1409(a), and therefore section 1409(d) and section 1391(b) are inapplicable. *See In re Wheeling–Pittsburgh Steel Corp.,* 108 B.R. 82, 85 (Bankr. W.D.Pa.1989); *In re The National Sugar Refining Co.,* 23 B.R. 726, 729 (Bankr. S.D.N.Y.1982) (holding that where "the claims arises out of the debtor's pre-petition operation of its business, the venue provisions of [28 U.S.C. § 1409(d) ] do not apply"). Moreover, assuming defendants'

arguments to be correct, that these sections apply because plaintiff's claims arose post-petition, would result "in the exception swallowing the rule; the very evil which the Code sought to obviate would be realized by the Code itself. The number of instances in which the claim … had not arose until after the order of relief would be legion." *In re Cox Cotton Co.,* 8 B.R. 682, 683 (Bankr.E.D.Ark.1981) (in interpreting 28 U.S.C. § 1473(d) which is the precursor to section 1409(d), court held post-petition claim arising out of pre-petition contract was properly in bankruptcy court).

■ Finally, while we decline to rule on whether defendants are entitled to a jury trial in this case, we note that Judge Scholl is correct in asserting that the law in this jurisdiction clearly allows for bankruptcy courts to conduct jury trials in core proceedings under appropriate circumstances. *See In re Reading China & Glass Co., Inc.,* 126 B.R. 35, 37 (Bankr.E.D.Pa.1991); *In re Jackson,* 90 B.R. 126, 134–35 (1988), *aff'd,* 118 B.R. 243 (Bankr.E.D.Pa.1990). An appropriate order follows.

### ORDER

AND NOW, this 4th day of October, 1993, upon consideration of defendants' appeal of the order entered September 13, 1993, by the Honorable David S. Scholl of the Bankruptcy Court, and plaintiff's response thereto, it is hereby ORDERED that Judge Scholl's order is AFFIRMED. It is further ORDERED that the stay previously ordered by this Court on September 20, 1993 pending disposition of defendants' appeal has been lifted as of October 4, 1993.