In re NORTHWESTERN INSTITUTE OF PSYCHIATRY, INC.,

v.

The TRAVELERS INDEMNITY COMPANY.

In re Northwestern Institute of Psychiatry, Inc., Debtor.

Northwestern Institute of Psychiatry, Inc., Plaintiff,

v.

The Travelers Indemnity Company, Defendant.

Misc. No. 01–MC–151.
Bankruptcy No. 00–33364.
Adversary No. 01–656.

United States District Court,
E.D. Pennsylvania.

Sept. 20, 2001.

Order Granting Reconsideration
Nov. 8, 2001.

Albert A. Ciardi, Jr., Ciardi, Fishbone & Di Donato, Philadelphia, PA, for Debtor.

James A. Georges, White & Williams, LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM*

KELLY, District Judge.

Presently before this Court is the Motion of Defendant, The Travelers Indemnity Company ("Travelers") for Withdrawal of Reference from the United States Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d). For the following reasons, Travelers Motion is denied.

## I. *BACKGROUND*

The Plaintiff/Debtor, Northwestern Institute of Psychiatry, Inc. ("Northwestern"), operates a full service, 146–bed psychiatric hospital ("the Facility") in Fort Washington, Pennsylvania. On October 27, 2000 ("Petition Date"), Northwestern filed a Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code in the Eastern District of Pennsylvania. Since the Petition Date, Northwestern has continued in possession of its assets as a Debtor-in Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code, and, since November 2, 2000, Northwestern has been jointly administered pursuant to Bankruptcy Rule 1015(b).

On or about April 1, 2001, Northwestern obtained an insurance policy ("the Policy") from Travelers. On June 16, 2001, Northwestern alleges that the Facility sustained flood damage. Travelers refused coverage based on its conclusion that the property was located in a flood zone for which coverage was excluded under the policy. Therefore, on July 26, 2001, Northwestern filed an adversary Complaint against Travelers seeking a declaration of its and Travelers' rights to insurance coverage under the Policy. In addition, due to the critical nature of Northwestern's financial situation, Northwestern seeks an expedited trial for a declaration of whether or not the Policy covers the flood damage ("the Coverage Issue").

On August 10, 2001, Travelers filed a Motion Seeking Withdrawal of the District Court's Reference from the Bankruptcy Court. Travelers contends that this Court should withdraw its referral since the ad-

versary matter is a non-core matter.[1] Northwestern retorts that the adversary action is a core matter which should properly remain with the Bankruptcy Court.

## II. DISCUSSION

### A. Standard for Withdrawal of Reference

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), which provides: "Each district court may provide that any or all cases arising under Title 11 and any or all proceedings arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." *Id.* However, this Court may withdraw its reference to the bankruptcy court in accordance with the provisions set forth in Section 157 of the Bankruptcy Code:

> The district court may withdraw, in whole or in part, any case referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Since Northwestern's claims do not require consideration of any federal law or any issues which would mandate withdrawal, Travelers seeks permissive withdrawal of reference under the first sentence of Section 157(d).

■ Although there is no statutory definition of what constitutes "cause

shown" under 28 U.S.C. § 157(d) for permissive withdrawal of reference, "the statute requires in clear terms that cause be shown before the reference can be withdrawn." *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990). In determining whether cause is shown, courts generally begin by considering the threshold question of whether the matters to be withdrawn are "core" or "non-core" to the bankruptcy case. *In re Pelullo,* No. 95-22430, 1997 WL 535155 (E.D.Pa. Aug.15,1997)(citing *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2d Cir.1993)); *In re Philadelphia Training Center Corp.,* 155 B.R. 109, 112 (E.D.Pa.1993). In addition, the Third Circuit has set forth several factors which the District Court should consider when deciding whether to withdraw the reference in order to promote judicial economy: (1) promoting uniformity in bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering the economical use of the debtors' and creditors' resources; and (4) expediting the bankruptcy process. *In re Pruitt,* 910 F.2d at 1165(adopting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)).

### B. The Adversary Action is a Core Proceeding.

■ Third Circuit precedent holds that "a proceeding is core under Section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re the Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d

---

**1.** Travelers also raises the point that it may request a jury trial and, if in fact Travelers does request a jury trial, it does not consent to a jury trial before the Bankruptcy Court. However, at the time of deciding this Motion, Travelers has not filed an answer to the Ad-

versary Complaint, therefore the issue of whether or not Travelers is entitled to a jury trial as it relates to Travelers request for a withdrawal is not addressed as it is not ripe for decision. Accordingly, this Memorandum solely addresses the Coverage Issue.

Cir.1996)(citing *In re Marcus Hook Dev. Park Inc.*, 943 F.2d 261, 267 (3d Cir.1991)); *see also* 28 U.S.C. § 157(b)(2). In core proceedings, a bankruptcy court may enter appropriate orders and judgments, whereas in those that are non-core, a bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court which must then review those findings and conclusions *de novo.* 28 U.S.C. § 157(b) and (c).

 The adversary proceeding against Travelers seeks a declaratory judgment that the Policy issued to Northwestern covers the flood damage sustained to the Facility. The Policy was issued to Northwestern in April 2001. Thus, the adversary proceeding concerns causes of action which arose post-petition under an insurance contract formulated post-petition. Therefore, the adversary action involves a post-petition contract with a debtor-in-possession, and such an action is categorized as core under 28 U.S.C. §§ 157(b)(2)(A), "matters concerning the administration of the estate," and section (b)(2)(O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship." *See* e.g., *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168–71 (1st. Cir.1987)(holding that debtor-in-possession's legal action to collect account receivable under post-petition contract was "core proceeding" over which bankruptcy court had constitutional jurisdiction); *In re Nutri/System, Inc.*, 159 B.R. 725, 726 (E.D.Pa.1993); *Valley Forge Plaza Assoc. v. Fireman's Fund Ins. Cos.*, 107 B.R. 514, 516–18 (E.D.Pa.1989); *In re Sacred Heart Hosp. of Norristown*, 181 B.R. 195, 202 (Bankr.E.D.Pa.1995); and *In re 222 Liberty Assoc.*, 110 B.R. 196, 199–200 (Bankr.E.D.Pa.1990). Further, actions based upon post-petition causes of actions are "matters concerning the administration of the estate" within § 157(b)(2)(A) and, therefore, can be heard and determined by a bankruptcy judge. *See* e.g., *In re Kent*, No. 95–14602DAS, 1997 WL 20507 (Bankr. E.D.Pa. Jan.15, 1997); *Valley Forge Plaza Assoc.*, 107 B.R. at 516–18.

### C. Refusing Withdrawal is in the Interest of Judicial Economy.

 Notwithstanding that this proceeding is properly characterized as core, under § 157(d) the reference may be withdrawn for cause shown. As previously noted, "fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process" are factors which the court should evaluate when determining whether to withdraw the reference of an adversarial proceeding. *In re Pruitt*, 910 F.2d at 1168. Travelers asserts that the withdrawal of the adversary action will promote judicial efficiency and an economic use of the debtor's and creditors' resources since the bankruptcy court is precluded from entering final judgment in non-core proceedings without the consent of the parties. Travelers proposition is flawed, however, since the Coverage Issue is a core matter which can be determined by the bankruptcy court. Travelers does not offer any other reasons to support its conclusion that judicial economy will be served by withdrawing the referral. Rather, this Court finds that withdrawing the referral at this stage would be antithetical to the tenants of judicial economy. As a result of the flood, Northwestern has been unable to repair thirty-two (32) of its beds, and it owes substantial funds to contractors who performed temporary remediation work to the other damaged areas of the Facility. Northwestern alleges that the inability to repair its beds, which constitutes approximately 22% of its patient capacity at the Facility, is causing Northwestern additional harm in the form of lost

monthly cash flow, referral refusals, employee lay-offs and inability to refinance its hospital facility. Since Northwestern is in the midst of a Chapter 11 proceeding, the resolution of the adversary matter could have a substantial effect on its ability to reorganize. The bankruptcy court is familiar with the parties, the factual background of the case and the legal issues involved. Therefore, this court finds no reason to disturb the present course and it declines to withdraw the reference as judicial economy will be served by allowing the adversary action to remain in bankruptcy court.

## III. *CONCLUSION*

For the reasons set forth above, the court will deny Travelers' Motion to Withdraw.

An appropriate Order follows.

### *ORDER*

AND NOW, this 20 th day of September, 2001, upon consideration of the Motion of Defendant, The Travelers Indemnity Company for Withdrawal of Reference from the United States Bankruptcy Court to this Court (Dkt. No. 1) and Plaintiff's Response thereto (Dkt. No. 2), it is hereby ORDERED that said Motion is DENIED.

### *MEMORANDUM*

Presently before this Court is the Motion for Reconsideration of the Order denying the Motion for Withdrawal of the District Court's Reference of the Adversary Action to the Bankruptcy Court filed by Travelers Indemnity Company ("Travelers"). For the reasons set forth below, this Court will grant both Travelers' Motion for Reconsideration and Travelers' Motion for Withdrawal of the District Court's Reference to the Bankruptcy Court of the Adversary Action No. 01–656,

and will transfer the entire adversary matter to the District Court.

## I. BACKGROUND

The Plaintiff/Debtor, Northwestern Institute of Psychiatry, Inc. ("Northwestern"), operates a full service, 146–bed psychiatric hospital ("the Facility") in Fort Washington, Pennsylvania. On October 27, 2000 ("Petition Date"), Northwestern filed a Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code in the Eastern District of Pennsylvania. Since the Petition Date, Northwestern has continued in possession of its assets as a debtor-in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code, and, since November 2, 2000, Northwestern has been jointly administered pursuant to Bankruptcy Rule 1015(b).

On April 1, 2001, Northwestern obtained an insurance policy ("the Policy") from Travelers. On June 16, 2001, Northwestern alleges that the Facility sustained flood damage. Travelers refused coverage based on its conclusion that the property was located in a flood zone for which coverage was excluded under the Policy. Therefore, on July 26, 2001, Northwestern filed an adversary Complaint against Travelers seeking a declaration of its' and Travelers' rights to insurance coverage under the Policy. In addition, due to the critical nature of Northwestern's financial situation, Northwestern sought an expedited trial for a declaration of whether or not the Policy covered the flood damage.

On August 10, 2001, pursuant to 28 U.S.C. § 157(d), Travelers filed a Motion Seeking Withdrawal of the District Court's Reference to the Bankruptcy Court contending that this Court should withdraw its reference since the adversary action is a non-core matter. By an Order dated September 20, 2001, this Court denied

Travelers' Motion for Withdrawal of Reference as this Court concluded that the adversary action which involves a postpetition contract with a debtor-in-possession is categorized as core under 28 U.S.C. § 157. *See Northwestern Inst. of Psychiatry, Inc. v. Travelers Indem. Co.*, 272 B.R. 104 (E.D.Pa.2001). At the time when this Court denied Travelers' Motion for Withdrawal of Reference, Travelers had not yet answered the adversary Complaint.

On October 4, 2001, Travelers filed an Answer to the First Amended Complaint With Affirmative Defenses and a Jury Trial Demand. In addition to its jury demand, pursuant to 28 U.S.C. § 157(e), Travelers pled that it does not consent to a jury trial conducted by the bankruptcy judge. Therefore, in light of the fact that Travelers has now filed its Answer with a Jury Demand and has pled that it does not consent to a jury trial conducted by the bankruptcy judge, this Court will reconsider the Motion for Withdrawal of the Reference to the Bankruptcy Court in order to prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)(enunciating that a motion for reconsideration is appropriate where there is need to prevent manifest injustice).

## II. DISCUSSION

### A. Standard for Withdrawal of Reference

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), which provides: "Each district court may provide that any or all cases arising under Title 11 and any or all proceedings arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). However, this Court may withdraw its reference to the Bankruptcy Court in accordance with the provisions set forth in Section 157 of the Bankruptcy Code:

> The district court may withdraw, in whole or in part, any case referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Since Northwestern's claims do not require consideration of any federal law or any issues which would mandate withdrawal, Travelers seeks permissive withdrawal of reference under the first sentence of Section 157(d).

Although there is no statutory definition of what constitutes "cause shown" under 28 U.S.C. § 157(d) for permissive withdrawal of a reference, "the statute requires in clear terms that cause be shown before the reference can be withdrawn." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). The Third Circuit has set forth several factors which the District Court should consider when deciding whether to withdraw the reference in order to promote judicial economy: (1) promoting uniformity in bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering the economical use of the debtors' and creditors' resources; and (4) expediting the bankruptcy process. *Id.* at 1165 (adopting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)). In determining whether cause is shown, courts generally begin by considering the threshold question of whether the matter to be withdrawn is "core" or "non-core" to the bankruptcy case. *In re Pelullo*, No. 95–22430, 1997 WL 535155 (E.D.Pa. Aug.15, 1997). Another factor to

consider when determining whether cause is shown for withdrawal is whether or not there has been a jury demand and, if so, whether the party demanding the jury trial is entitled to a trial by jury. This Court has already determined that the adversary action is core. Therefore, in the matter *sub judice*, this Court must first determine if Travelers is entitled to a jury trial. If Travelers is entitled to a jury trial, then this Court must decide whether the principles of judicial economy would be better served by withdrawing the reference to the Bankruptcy Court.

**B. Right to Jury Trial**

In its Answer to the First Amended Complaint, Travelers requested a jury trial. Title 28 U.S.C. § 157(e) provides: If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.* 28 U.S.C. § 157(e)(emphasis added). Because Travelers is withholding its consent to a jury trial in the Bankruptcy Court, it argues that the reference should be withdrawn. Both parties agree that by the nature of the claims against it, Travelers has a constitutional right to a jury trial. The Seventh Amendment provides: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The Supreme Court, in *In Granfinanciera, S.A. v. Nordberg,* explained that "Suits at common law" referred to those controversies in which legal rights were to be determined, as distinguished from those cases in which "equitable rights alone were recognized, and equitable remedies were administered." *In Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782,

106 L.Ed.2d 26 (1989)(internal citations omitted). The Seventh Amendment requires a jury trial "only if a cause of action is legal in nature and it involves a matter of private right." *Id.* at 42 n. 4, 109 S.Ct. 2782. The present case, which involves a determination of contract rights, bad faith and punitive damages, is clearly legal in nature and involves a matter of private right.

In their present response to Travelers' Motion for Reconsideration, Northwestern has failed to articulate any reason why Travelers is not entitled to a jury trial. Travelers filed its Answer to the Amended Complaint with it Jury Demand and refusal to consent to a jury trial before the bankruptcy judge on October 4, 2001, in full compliance with Local Bankruptcy Rule 9015, and filed its Motion for Reconsideration of the Motion for Withdrawal of Reference to the Bankruptcy Court on October 5, 2001, in full compliance with 28 U.S.C. § 154(d). Therefore, Travelers, as the non-consenting party, has affirmatively and timely filed its jury demand, notice of non-consent and petition for withdrawal. In light of the foregoing, this Court must examine whether withdrawal of the reference is judicially economical pursuant to the *In re Pruitt* factors.

**C. Withdrawal is in the Interest of Judicial Economy**

This Court has the option at this point of withdrawing the entire adversary matter, or withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled by the bankruptcy judge. *See* 28 U.S.C. § 157(d). As previously noted, this Court must consider the principles of promoting judicial economy when considering whether to withdrawal of a reference pursuant to 28 U.S.C. § 157(d). After considering the *In re Pruitt* factors, this Court finds that it will be judicially

economical to withdraw the entire reference of adversary action No. 01–656 from the Bankruptcy Court and transfer the adversary matter to the District Court. By transferring the entire adversary matter to the District Court, as opposed to transferring just the trial portion, the District Judge will be better able to closely monitor this case and uniformly resolve all issues which will expedite the adversary action and, in turn, the bankruptcy process. In addition, assigning only one District Judge to oversee the entire matter will reduce any confusion which may occur by splitting the matter in half by leaving the discovery and pre-trial matters in the Bankruptcy Court and then transferring the matter to the District Court at a later date for only the trial portion. Therefore, for all the foregoing reasons, the withdrawal of the entire reference will be a better use of the parties' resources.

### III. CONCLUSION

For all the foregoing reasons, this court will grant Travelers' Motion for Reconsideration and will grant Travelers' Motion for Withdrawal of Reference of Adversary No. 01–656.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of NOVEMBER 2001, upon consideration of the Motion for Reconsideration of Order denying the Motion for Withdrawal of Reference filed by Travelers Indemnity Company (Dkt. No. 5), Travelers' Supplemental Memorandum in Support of the Reconsideration Motion (Dkt. No. 6) and Northwestern Institute of Psychiatry, Inc.'s Response thereto (Dkt. No. 7), it is hereby ORDERED that:

1. Travelers' Motion for Reconsideration is GRANTED; and

2. Travelers' Motion for Withdrawal of Reference is GRANTED and Adversary No. 01–656 is TRANSFERRED to the District Court.