**In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtors.**

**TRANSICOIL, INC. and Eagle–Picher Industries, Inc., Plaintiffs,**

v.

**BLUE DOVE DEVELOPMENT ASSOCIATES, Limited Partnership, and K–Jem, Inc., General Partner, Defendants.**

**Bankruptcy No. 1–90–00100.**
**Adv. No. 93–1067.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 16, 1993.

Stephen Karotkin, Weil, Gotshal & Manages, New York City, for plaintiffs.

Neal J. Weill, Office of the U.S. Trustee, Cincinnati, OH.

Carolyn J. Buller, G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, OH, for Unsecured Creditors' Committee.

Kevin E. Irwin, Keating, Muething & Klekamp, Cincinnati, OH, for Injury Claimants Committee.

Robert Balantzow, McCarthy, Lebit, Crystal & Haiman Co., L.P.A., Cleveland, OH, for Future Claimants Representative.

Irving Harris, Harris, Harris & Field, Cincinnati, OH, for Equity Security Holders Committee.

Pace Reich, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, for defendants.

## DECISION and ORDER RE VENUE

BURTON PERLMAN, Chief Judge.

At Cincinnati, in said District, on November 16, 1993.

Plaintiff Transicoil, Inc. is a wholly-owned subsidiary of plaintiff Eagle–Picher Industries, Inc. ("EPI"). Transicoil occupies a plant at Valley Forge, Pennsylvania, under lease from defendant Blue Dove Development Associates ("Blue Dove"). (Blue Dove is a limited partnership in which defendant K–Jem is the general partner.) In their complaint, plaintiffs seek relief having to do with the performance of obligations of the parties under the lease agreement between them.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the Gen-

eral Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A).

Plaintiffs filed a motion, essentially for injunctive relief against certain action threatened by defendants. Defendants thereupon filed a motion for abstention and for a determination that this adversary proceeding is not a core proceeding. Both motions came on for hearing on August 18, 1993. We will not presently discuss the disposition of the motions then argued, but note only that at that hearing counsel for defendants orally introduced the question of whether venue of the adversary proceeding properly lay in this court when the provision of 28 U.S.C. § 1409(d) is taken into consideration. The parties subsequently submitted memoranda on the question. Defendants then supplemented the record on October 5, 1993, by filing a motion pursuant to F.R.B.P. 7012 to dismiss the complaint for improper venue. This motion led to an exchange of memoranda essentially duplicative of those filed earlier on the subject of improper venue.

The venue provision which defendants have invoked is the following:

**§ 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11**

\*    \*    \*    \*    \*    \*

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable non-bankruptcy venue provisions, an action on such claim may have been brought.

\*    \*    \*    \*    \*    \*

While the parties have engaged in spirited debate on the question of whether the issue of venue was timely raised, the court perceives no prejudice to plaintiffs from the course followed by defendants, and so we proceed to a consideration of the applicability of 28 U.S.C. § 1409(d) herein.

Transicoil and Blue Dove entered into a lease agreement pre-petition. This was prior to the time that the premises in question had been built. The premises subsequently were constructed by Blue Dove and occupancy undertaken by Transicoil. EPI guaranteed Transicoil's obligations in the lease. Subsequent to the filing of the bankruptcy petition, Transicoil pursuant to order of this court assumed the lease as provided in 11 U.S.C. § 365. The complaint in the adversary proceeding reflects an ongoing dispute regarding performance of the terms of the lease. This is the background against which defendants have made their oral motion regarding improper venue, and also their separately-filed motion to dismiss pursuant to F.R.B.P. 7012.

Section 1409(d) superseded § 1473(d) in the 1984 amendments to the Bankruptcy Act of 1978, but it contains no material distinctions from the former section, so that the legislative history of § 1473 is instructive. Although the legislative history does not specifically address the meaning of the phrase "operation of the business of the debtor", it provides some insight into the intended scope of what is now § 1409(d).

The purpose of § 1409(d) is to limit the trustee's ability to proceed in the "home court", if the proceeding is based on a claim arising out of the operation of the debtor's business after the case is commenced. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 447 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6402. Section 1409(d) applies to claims in favor of the debtor, and permits the trustee to sue only in the district where the suit could have been brought in the absence of bankruptcy. *Id.* Section 1409(d) thus operates as an exception to the general rule of § 1409(a) that the court in which the case is pending is always the proper venue for a proceeding arising under or related to a case under title 11. *Id.* at 446, *reprinted in* 1978 U.S.C.C.A.N. at 6402. Although § 1409(d) is phrased broadly, it does not apply to administrative matters, which are properly heard by the bankruptcy court. *Id.* The distinction between matters relating to administration of the estate, which fall outside § 1409(d), and matters arising from the operation of the business of the debtor, which fall

within the application of § 1409(d) is also made in the cases. *See, e.g., In re B & L Oil Co.,* 834 F.2d 156 (10th Cir.1987) (court must determine whether post-petition seizure of equipment arose from debtor's business operations or occurred in administration of estate); *In re Wheeling–Pittsburgh Steel Corp.,* 108 B.R. 82 (Bankr.W.D.Pa.1989) (dispute involving administrative priority of claim was related to estate administration).

■ This court has concluded that the subject matter of the present complaint relates to matters concerning the administration of the estate rather than matters relating to the operation of the business of the debtor. A powerful determinant leading to this conclusion is the fact that, pursuant to 11 U.S.C. § 365, the lease was required to be submitted to this court for assumption. Lease assumption is an act of estate administration. *In re Nexus Communications, Inc.,* 55 B.R. 596, 598 (Bankr.E.D.N.C.1985). It follows that disputes about the circumstances of assumption and the provisions of the assumed lease likewise are matters of case administration. (Note that the title of Chapter 3 of the Bankruptcy Code in which § 365 appears is "Case Administration".)

■ There is a further reason why § 1409(d) is inapplicable here. It cannot fairly be said that at hand is a claim arising after the commencement of the case. There was a continuum in dealing between the parties beginning long prior to the filing of the bankruptcy petition when the lease was initially entered into, and so it cannot fairly be said that the matters raised in the complaint are purely post-petition matters. They all stem from the original execution and implementation of the lease. *See In re Nutri–System, Inc.,* 159 B.R. 725 (E.D.Pa.1993) (section 1409(d) is inapplicable to adversary proceeding that alleges post-petition breaches of pre-petition contract); *In re Wheeling–Pittsburgh Steel Corp.,* 108 B.R. at 85 (claims relating to post-petition modification of pre-petition agreement actually arose out of pre-petition agreement).

*In re Hillsborough Holdings Corp.,* 146 B.R. 1008 (Bankr.M.D.Fla.1992), heavily relied on by defendants, is distinguishable. The case does not involve a dispute between lessor and lessee about the terms of the lease. It involves a dispute between a bankruptcy debtor and a third party, not a party to the lease between the debtor and its lessor. Further, the decision in that case is based primarily upon forum non conveniens.

*In re Continental Air Lines, Inc.,* 61 B.R. 758 (S.D.Tex.1986), also cited by defendants, is distinguishable as well. There, a debtor wished to resolve issues of liability arising from an attempt by debtor, post-petition, to take over a target company. Debtor sought to have venue laid in its home court, while the principals of the target successfully invoked § 1409(d). *Continental* is very different from the instant proceeding because there, the matters being considered were unequivocally post-petition. There is no reasonable basis for asserting that a corporate takeover attempt is a matter of case administration.

We hold that defendants' objection to venue in this court based on 28 U.S.C. § 1409(d), and their motion to dismiss for improper venue, are ill founded. The objection is overruled and the motion is denied.

So Ordered.