**In re BRITT AIRWAYS, INC.**

**BRITT AIRWAYS, INC.,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, et al.**

**Bankruptcy No. 90–974.**
**Adv. No. 92–168.**

United States Bankruptcy Court, D. Delaware.

July 1, 1994.

**534**

Douglas A. Shachtman, for Aldine Independent School Dist.

Dennis J. Siebold, for Assessor/Collector of Taxes for Harris County, State of Tex.

William Sudell, Jr., for debtor.

Carol J. Evon, for Harris County Appraisal Dist./Harris County Review Bd.

HELEN S. BALICK, Chief Judge.

This is the court's decision on the motion to dismiss of the Harris County Appraisal District and the Harris County Appraisal Review Board (HCAD). Harris County has joined in this motion. That motion is denied.

## I. *The Complaint*

Britt Airways, a wholly-owned subsidiary of Continental Airlines, Inc., filed its Chapter 11 petition in this court on December 3, 1990. Two years later, it filed this adversary proceeding against 15 defendants: the two HCAD entities, and 13 other entities referred to collectively as the taxing units. Harris County is one of these taxing units. The parties agree this proceeding is core.

On a motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true. *Century Glove v. Iselin (In re Century Glove)*, 151 B.R. 327, 332 (Bankr.D.Del.1993). In that complaint, Britt describes a three step process of appraisal, assessment, and collection. HCAD appraises Britt's fleet of aircraft. The 13 taxing units assess *ad valorem* taxes on the basis of this appraisal. Harris County collects taxes for itself and the other 12 taxing units. Britt believes that for the tax years 1990 and 1991, HCAD incorrectly appraised certain aircraft values, and thus, that the taxes assessed by the taxing units are inflated. Britt paid the 1991 taxes to Harris County to protect its legal rights under Texas law.

Britt requests that this court determine the proper amount of taxes payable by Britt to Harris County on behalf of the taxing units for 1990 and 1991. Britt also requests a judgment against the taxing units for any overpaid 1991 taxes, with interest. On September 18, 1992, Britt filed a similar complaint in Texas as a protective measure.

## II. *Discussion*

HCAD moves to dismiss the portion of the complaint relating to the 1991 taxes, on the grounds of improper venue. HCAD argues that the only proper venue for this action is the United States District Court for the Southern District of Texas. In support of this argument, HCAD relies upon 28 U.S.C. § 1409(d), which states (emphasis added):

A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based upon a

claim *arising* after the commencement of such case *from the operation of the business of the debtor* only in the district court for the district where a State or Federal court sits in which, under applicable non-bankruptcy venue provisions, an action on such claim may have been brought.

It is not clear that this section applies to proceedings which involve a tax dispute. Section 505 of Title 11 describes the broad jurisdiction of this court to hear post-petition tax disputes with respect to a debtor. *See generally Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 924–25 (3d Cir.1990) (explaining history and purpose of section 505). This jurisdiction would be severely undercut if 11 U.S.C. § 1409(d) could operate to remove these tax disputes to another venue.

Assuming that section 1409(d) could apply to a post-petition tax dispute, the court next considers the application of that section to the proceeding here. In reference to the language therein, the parties agree that Britt is the trustee, and that the 1991 taxes arose after the commencement of the case. Britt argues, however, that its request for relief[1] does not arise "from the operation of the business."

The legislative history to section 1409 states:

> [W]ith two exceptions, enumerated in subsections (b) and (d), the court in which the bankruptcy case is pending is always a proper venue for proceedings arising under title 11 or arising under or related to a case under title 11. Though these venue provisions are phrased in broad terms, with respect to *administrative matters* in a case they generally will not apply. The bankruptcy court in which the case is filed will hear *those* matters.

1978 U.S.C.C.A.N. at 6402 (emphasis added).

■ Thus, in contradistinction to claims that arise from the operation of the business, claims that arise out of the administration of the estate are not within the scope of section 1409(d). *Accord Transicoil, Inc. v. Blue*

*Dove Development Assoc. (In re Eagle–Picher Indus.)*, 162 B.R. 140 (Bankr.S.D. Ohio 1993). The scope of "administrative matters" includes allowance of claims, and the determination of distributive priorities of allowed claims. *U.S. Fidelity and Guaranty Co. v. Bray*, 225 U.S. 205, 217, 32 S.Ct. 620, 625, 56 L.Ed. 1055 (1912). One court defines claims arising from the operation of the debtor's business as claims whose facts and legal bases originate from the business operations of the debtor. *Appel v. Gable (In re B & L Oil)*, 834 F.2d 156, 159 (10th Cir.1987).

■ HCAD's sole argument that Britt's claim arises from the operation of the business of the debtor is that "Britt seeks a determination of the Fleet's value as part of its ongoing business efforts." Docket no. 6, at 2. This conclusory assertion neither finds support in the record, nor satisfies the standard of the *Appel* case. Relatedly, Britt points out that in this proceeding, taxes are at issue, not the claim of a vendor or other entity who voluntarily chose to do business with Britt post-petition.

Also indicative of the true nature of this proceeding are:

1. The application of Harris County for the payment of 1991 taxes as a post-petition administrative priority expense. Case No. 90–932, docket no. 3887; and

2. The motions in this proceeding of Harris County and Aldine Independent School District (another of the taxing units) to consolidate this adversary proceeding with Continental's objection to the above administrative claim, which aver that the objection to the claim and the adversary proceeding contain a common question of law and fact. This court granted those motions.

On this record, the court finds that the dispute between Britt and the 15 defendants is an administrative matter, and does not arise from the operation of Britt's business. For all these reasons, the motion of HCAD and Harris County to dismiss this adversary pro-

---

1. Britt does not concede that its request for relief is a "claim" within the meaning of 11 U.S.C. § 1409(d). For the purposes of this opinion, however, the court shall assume, without deciding, that Britt's request for relief is a claim.

ceeding on the basis of 28 U.S.C. § 1409(d) is **DENIED.**[2]

HCAD and Harris County have alternatively moved to transfer venue of the entire adversary proceeding based upon 28 U.S.C. § 1412. There is no record before the court which would enable it to rule on such a motion. An evidentiary hearing on that motion is set for July 19, 1994 at 9:30 a.m., standby.

**IT IS SO ORDERED.**

---

**2.** In light of this ruling, it is not necessary to consider other issues the parties raise: the scope of a "claim," the waiver issue, and the interconnection between the 1990 and 1991 tax disputes.