**In re Robert Lee GRIFFITH, Jr., Debtor.**

**Tom McGREGOR, Trustee, Plaintiff,**

v.

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Defendant.**

**Bankruptcy No. 95–5120–APG.**

**Adversary No. 96–0083–APG.**

United States Bankruptcy Court, M.D. Alabama.

Aug. 26, 1997.

E. Terry Brown, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for Plaintiff.

Joseph E. Bulgarella, Pelham, AL, for Defendant.

## OPINION ON MOTION TO DISMISS FOR IMPROPER VENUE

A. POPE GORDON, Bankruptcy Judge.

The trustee commenced this adversary proceeding under 11 U.S.C. § 547 to avoid an alleged preferential transfer in the amount of $936.63 to American Express Travel Related Services Company, Inc.

American Express filed a motion to dismiss the proceeding for improper venue.

The motion was submitted on briefs of counsel.

Generally, the trustee may commence proceedings arising under, arising in, or related to a case under title 11 "in the

district court in which such case is pending."[1]

However, when the trustee seeks to recover a money judgment worth less than $1,000, 28 U.S.C. § 1409(b) requires the trustee to commence the proceeding "in the district court for the district in which the defendant resides":

> ... [A] trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000.00 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.[2]

American Express contends that it resides in the Southern District of New York where its principal place of business is located.

28 U.S.C. § 1391(c) provides that a corporation shall be deemed to reside in any judicial district in which "it is subject to personal jurisdiction at the time the action is commenced."[3]

Commentary on 28 U.S.C.A. § 1391(c) states:

This means that anything that would make the corporation amenable to jurisdiction in that district, or permit extraterritorial service of the court's summons under any of several well–known tests, would ipso facto make that district a proper venue as well.

The corporate "doing business" test is one such test. A showing that the corporation is regularly doing business in the district subjects it to the personal jurisdiction of the courts there and hence makes that district a proper venue in an action against the corporation.

David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391*, 28 U.S.C.A. § 1391 cmt. at 17.

The court *sua sponte* takes judicial notice of the fact that American Express regularly does business in the Middle District of Alabama.[4]

**1.** 28 U.S.C. § 1409(a). The bankruptcy court is a unit of the district court to which bankruptcy cases and proceedings are referred under the general order of reference from the district court. *See* 28 U.S.C. §§ 151 and 157(a). "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151.

**2.** The parties dispute whether an action under 11 U.S.C. § 547 "arises in" a case under title 11. The decision in this proceeding renders resolution of the dispute unnecessary.

**3.** 28 U.S.C. § 1391(c) states:
For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1409 is part of the chapter to which § 1391 refers.

**4.** Fed.R.Evid. 201 provides:

(b) **Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) **When discretionary.** A court may take judicial notice, whether requested or not.

The court concludes that judicial notice is proper because the judicially noticed fact is generally known within this district. However, American Express is "entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed.R.Evid. 201(e).