In re Claude Joseph NOLETTO, Jr. and Terry Lynn Noletto, Debtors.

Claude Joseph Noletto, Jr. and Terry Lynn Noletto, Plaintiffs,

v.

Nationsbanc Mortgage Corp., Defendant.

Corliss M. Miller and Franklin L. Miller, Debtors.

Corliss M. Miller and Franklin L. Miller, Plaintiffs,

v.

First Union National Bank, Defendant.

Roland E. Harris, Debtor.

Roland E. Harris, Plaintiff,

v.

First Union Mortgage Corp., Defendant.

Michael F. Powe, Debtor.

Michael F. Powe, Plaintiff,

v.

Chrysler Financial Corp., Defendant.

Rocky Dwayne Sheffield, Debtor.

Rocky Dwayne Sheffield, Plaintiff,

v.

Homeside Lending, Inc., Defendant.

Catherine D. Slick, Debtor.

Catherine D. Slick, Plaintiff,

v.

Norwest Mortgage, Inc., Defendant.

Bankruptcy Nos. 98–13813–MAM–13, 97–12807–MAM–13, 96–14029–MAM–13, 98–10935–MAM–13, 97–10511–MAM–13, 98–14378–MAM–13.

Adversary Nos. 99–1120, 99–1137, 99–1144, 99–1121, 99–1124, 99–1136.

United States Bankruptcy Court, S.D. Alabama, Southern Division.

Feb. 15, 2000.

Steve Olen, Donald J. Stewart, Mobile, Alabama, for the Debtors.

John N. Leach, Jr., Mobile, Alabama, Russell J. Pope, Towson, Maryland, for First Union Mortgage Corp. and First Union National Bank.

Thomas Hefferon, Washington, D.C., for Homeside Lending, Inc.

Jeffery Hartley, Mobile, Alabama, for Homeside Lending, Inc. and NationsBanc Mortgage Corp.

M. Donald Davis, Jr., Mobile, Alabama, C. Lee Reeves, Birmingham, Alabama, for Chrysler Financial Corp.

Henry A. Callaway, III, Windy C. Bitzer, Mobile, Alabama, for Norwest Mortgage, Inc.

## ORDER CONCLUDING THAT DISTRICT COURT AND BANKRUPTCY COURT HAVE SUBJECT MATTER JURISDICTION AND THAT MATTERS ARE CORE PROCEEDINGS

MARGARET A. MAHONEY, Chief Judge.

These matters are all class action suits against the named defendants for alleged violations of federal bankruptcy law. Plaintiffs request that each suit be certified as a nationwide class. Each complaint consists of the following four counts:

1. Fees and charges assessed by the defendants postpetition are not reasonable, authorized, or allowable under the Bankruptcy Code and defendants' claims for any of these fees or charges should be disallowed and any of these fees or charges actually collected by defendants should be reimbursed with interest.

2. Fees and charges assessed by defendants postpetition are assessable only with specific bankruptcy court approval pursuant to § 506(b) of the Bankruptcy Code, defendants failed to obtain such approval, and these

fees and charges collected by defendants after the filing of a bankruptcy petition, which would not have been claimed absent bankruptcy, should be disallowed, and any of these fees or charges collected should be reimbursed with interest where defendants have failed to obtain specific approval of the bankruptcy court as required by law.

3. Defendants violated the automatic stay of § 362 of the Bankruptcy Code by assessing and/or collecting postpetition, fees or charges which would not have been claimed absent bankruptcy, without specific approval of the bankruptcy court and these fees or charges should be disallowed and any of these fees or charges actually collected should be reimbursed with interest where the defendants have failed to obtain specific approval of the bankruptcy court.

4. Plaintiffs are entitled to an order declaring defendants' acts and practices to be in violation of bankruptcy law, an order permanently enjoining the defendants from engaging in such acts and practices in the future with respect to any debtor who is, or could become, a member of the class, and an order requiring the defendants to disgorge all amounts collected by defendants as a result of such illegal fees and charges with interest.

The facts pertaining to each case differ in some respects, but those differences are not being considered for purposes of these motions to dismiss for lack of subject matter jurisdiction. To the extent the facts of each individual case of the named plaintiff might impact on the broad ruling in this order, those facts will be considered at another time.

The defendants have filed motions to dismiss their adversary proceedings under Fed. R. Bankr.P. 7012. For purposes of this ruling, the Court assumes that all of the plaintiffs' allegations, other than jurisdiction, are true. *Rainwater v. State of Alabama (In re Rainwater)*, 233 B.R. 126, 140 (Bankr.N.D.Ala.1999). The defendants allege that, as to all of the class action suits, this Court and the district court have no subject matter jurisdiction except as to the named plaintiffs.[1] The Court disagrees and concludes that it and the district court have subject matter jurisdiction over the potential class members' lawsuits and concludes that the bankruptcy court's jurisdiction is core.

## I.

### A.

The jurisdiction of the district courts (from which the bankruptcy court's jurisdiction is derivative) over bankruptcy matters is established in 28 U.S.C. § 1334. *Continental Nat. Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1344 (11th Cir.1999). Section 1334(b) states in part: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Generally, " '[a]rising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *Toledo*, 170 F.3d at 1345 (cites omitted). "[A]rising in" proceedings involve "administrative-type matters, or ... 'matters that could arise only in bankruptcy.' " *Id.*

The plain meaning of the words used in the statute gives a district court jurisdiction over suits such as these in which the issues relate only to federally created bankruptcy law. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (plain meaning of legislation is conclusive

---

1. The Court previously held in an oral ruling on October 22, 1999 that it has jurisdiction over the individual named debtors' proceedings. For the same reasons, the Court has jurisdiction over any class members' proceedings who are debtors in the Southern District of Alabama.

except in rare cases) (cite omitted). These class actions clearly fit within the plain language of the "arising under" or "arising in" jurisdictional categories. All of the debtors' claims will be determined from the statutory provisions of the Bankruptcy Code.

 This reading is consistent with the legislative history to the Bankruptcy Code. H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977), U.S.Code & Cong. & Admin. News pp. 5963, 6401 ("The phrase 'arising under' has a . . . broad meaning in the jurisdictional context").[2] Section 1334(b) was intended to give broad jurisdiction to the district courts over bankruptcy matters. *Id.* ("Subsection (b) is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts."). The Bankruptcy Code, unlike its predecessor, the Bankruptcy Act, gives the district courts *in personam* as well as *in rem* jurisdiction. *Id.* A court no longer is restricted to dealing only with assets under its control; it also has the ability to deal with other matters affecting debtors. This broader jurisdictional scope is clearly apparent in the grant of "related to" jurisdiction to the courts. 28 U.S.C. § 1334(b). Pursuant to this grant, bankruptcy jurisdiction may even extend to litigation between nondebtor parties if it "could conceivably have any effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.),* 910 F.2d 784, 788 (11th Cir.1990) (adopting definition established in *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984)).

To the extent that the defendants argue that there is not subject matter jurisdiction because these suits (as they relate to debtors in other courts) are not "related to" the individual debtors in this Court, they ignore the language "arising under" or "arising in" a case under title 11. Section 1334(b) is phrased disjunctively. The three categories offer alternative bases of bankruptcy jurisdiction.

Section 1334(b) must be read this way as well in order to give meaning to another part of title 28—the venue provisions covering the most appropriate place for bankruptcy proceedings to be filed. *See,* BLACKS LAW DICTIONARY 795 (7th ed.1999) (statutes on the same subject matter may be construed together to avoid inconsistencies pursuant to the cannon of statutory construction *in pari materia* ). Both the venue provisions and section 1334(b) are found in chapter IV of title 28. If there were not nationwide jurisdiction over bankruptcy cases, there would be no need for the venue provisions. Richard A. Gibson, *Home Court, Outpost Court: Reconciling Bankruptcy Case Control With Venue Flexibility in Proceedings,* 62 AM. BANKR. L.J. 37, 42 (Winter 1988) (citing *Littleton National Bank v. Coleman American Companies, Inc. (In re Coleman American Companies, Inc.),* 6 B.R. 251, 253–54 (Bankr.D.Colo.1980)). The venue provisions are meaningless if the "home court" is the only forum with jurisdiction over bankruptcy proceedings.[3] *See, Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 1976, 141 L.Ed.2d 242 (1998) (court normally should not adopt a construction of statute making another statutory provision superfluous) (citing *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998)).

---

**2.** The 1977 House Report addresses former 28 U.S.C. § 1471 which was repealed by Pub.L. No. 98–353 § 122 (1984). Current 28 U.S.C. §§ 1334(a) and (b), enacted by § 101 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, repeat former §§ 1471(a) and (b) verbatim.

**3.** "Home court" refers to the district in which the bankruptcy case was filed or is pending. "Outpost court" refers to any other district. Gibson, *supra,* at 38.

Bankruptcy jurisdiction was purposefully designed to encompass all of the issues debtors could encounter in a bankruptcy case. The Court found no evidence that debtor class actions were envisioned by the drafters, but the jurisdictional statutes were written in a manner to cover even these actions. This is appropriate. Otherwise there might be no affordable universal redress for creditor bankruptcy abuses which could arise. *See, Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 185–86 (D.Mass.1998) (sitting jointly, district and bankruptcy court judges certified nationwide class for settlement purposes); *Coggin v. Sears, Roebuck & Co. (In re Coggin)*, 155 B.R. 934 (Bankr.E.D.N.C. 1993) (court found it had subject matter jurisdiction over class action consisting of debtors from Eastern and Middle districts of North Carolina).

### B.

Defendants assert that pursuant to 28 U.S.C. § 1334(e), only the bankruptcy court for the district in which a debtor's case is pending has jurisdiction over a cause of action owned or brought by that debtor. Section 1334(e) provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." The Court concludes that defendants' view fails to take into account other provisions of title 28, in particular, §§ 1452, 1334(c) and 1409, all of which will be discussed below.

Defendants cite as authority for their position the case of *Williams v. Sears, Roebuck & Co. (In re Williams)*, CV199-168 (S.D.Ga. January 19, 2000). [Editor's Note: *Williams v. Sears, Roebuck & Co.* appears at 244 B.R. 858.] Judge Anthony A. Alaimo held in *Williams* that § 1334(e) precludes a court from exercising bankruptcy jurisdiction over claims that are estate property unless the individual bankruptcy cases were commenced in that court's district. *Id.* at 866. Accordingly, Judge Alaimo dismissed a complaint brought by a nationwide class of debtors with respect to debtors who commenced their cases in courts other than the district in which Judge Alaimo sits. Judge Alaimo's expansive interpretation of § 1334(e) was based on the provision's plain language and the objective of the Bankruptcy Code "to insure that only one court administers the bankruptcy estate of a debtor." *Id.* at 866. This Court respectfully disagrees with Judge Alaimo's position.

Section 1334(e) provides the "home court" with "exclusive jurisdiction . . . of property of the estate." These class actions involve claims of each debtor against the defendants. If the causes of action are not property of each debtors' estate, then § 1334(e) is not applicable. Courts have varying opinions as to whether property acquired by a chapter 13 debtor postpetition is property of the estate, at least after confirmation of a plan. *Compare, In re Petruccelli*, 113 B.R. 5 (Bankr.S.D.Cal. 1990) (property revests in debtor); *In re Kolenda*, 212 B.R. 851 (W.D.Mich.1997) (estate remains in tact and includes post-confirmation income and property); *In re McKnight*, 136 B.R. 891 (Bankr.S.D.Ga. 1992) (only income necessary to fund plan constitutes estate property).

To the extent that the class action claims are not property of the debtors' estates because they arose postconfirmation, § 1334(e) does not control this motion to dismiss for lack of jurisdiction. To the extent that they are property of the estates, either because the claims arose before confirmation or because the court has concluded that all property of a debtor remains property of the estate until discharge or other order of the court, then this Court and any other court must determine if § 1334(e) vests the "home court" with exclusive jurisdiction.

Judge Alaimo concludes that the meaning of § 1334(e) is clear. The plain meaning of the Bankruptcy Code

does govern to the extent the meaning can be clearly discerned. *Ron Pair, supra,* 489 U.S. at 240, 109 S.Ct. 1026. However, the Court concludes that the meaning of the statute is not clear on its face because the meaning the *Williams* case ascribes to § 1334(e) makes the section inconsistent with other related bankruptcy jurisdiction and venue provisions of title 28. In such a case, a court must look beyond the plain meaning. *Ron Pair, supra,* 489 U.S. at 240–41, 109 S.Ct. 1026 (plain meaning governs "as long as the statutory scheme is coherent and consistent."); *see also,* BLACK'S, *supra,* (defining *in pari materia* ).

Section 1334(e) is found in Part IV of title 28 of the United States Code, §§ 1251–1631, which deals with jurisdiction and venue. 28 U.S.C. § 1452(a) provides: "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Thus, removal pursuant to § 1452 is proper only to a court with jurisdiction pursuant to § 1334. If § 1334(e) gave exclusive jurisdiction over all proceedings involving estate property to the "home court," then most bankruptcy proceedings pending in an "outpost" district could not be removed. Section 1452's limited applicability "to the district court for the district where such civil action is pending" would rarely have any meaning because only one district would have jurisdiction, the "home court" district.

In *Cook v. Cook,* 220 B.R. 918 (Bankr. E.D.Mich.1997), Bankruptcy Judge Arthur J. Spector found that § 1334(e) precluded a debtor from invoking § 1452 to remove a matter filed in a state court not located in the district in which the debtor's bankrupt-cy case was pending. The district in which the state court is located did not have jurisdiction under § 1334(e) according to the reasoning in *Cook.* Like Judge Alaimo, Judge Spector relied primarily on the language of § 1334(e). Judge Spector conceded that an expansive view of exclusivity under § 1334(e) was "somewhat hard to square with §§ 1334(b) and 1409," *id.* at 923, but nevertheless, he disagreed with the debtor who argued that § 1452 had to have some meaning.[4] Judge Spector gave § 1334(e) primacy.

Judge Spector's rationale seems arguably to contradict itself. First, he consoled the defendant-debtor by noting that § 1334(e) not only precluded Judge Spector from exercising jurisdiction, but also precluded the state court in which the suit was initially filed from exercising jurisdiction. *Id.* at 920. Later, he stated:

> there is no obvious reason to suppose that "exclusive" jurisdiction can never be surrendered by the court which has it. Indeed, acceptance of that proposition would mean that § 1412 is an all-but-useless provision: it could only be invoked on those infrequent occasions when the dispute does not involve property of the estate or debtor. The most sensible conclusion, then, is that exclusivity does not preclude a court from transferring a proceeding to a different court.

*Id.* at 922. Thus, Judge Spector ruled that § 1334(e) precluded the state court from exercising jurisdiction, but then found that, although exclusive, a court may in essence convey its exclusive jurisdiction to state courts. The jurisdiction he envisioned for the district and bankruptcy courts is both exclusive and concurrent. Judge Spector's view, even though allowing transfer of ven-

---

4. Judge Spector cited and disagreed with a line of cases supporting the view that § 1452 does not require removal to the "home court" district notwithstanding § 1334(e). Included was an opinion by Judge John V. Singleton which was based on this Judge's report and recommendations while sitting in the Bank-

ruptcy Court for the Southern District of Texas. *Gabel v. Engra, Inc. (In re Engra, Inc.),* 86 B.R. 890 (S.D.Tex.1988). This Court adheres to its holdings in *Engra* to the extent § 1334(e) is implicated and believes that this opinion is consistent with it.

ue to permit a party to invoke § 1452, still gives the provision virtually no meaning and strips the term "exclusive" of its meaning. This is incorrect in this Court's view. *See,* Sharyl Walker, *Judicial Abstention and Exclusive Federal Jurisdiction: A Reconciliation,* 67 CORNELL L. REV. 219, 240 (1981) (federal courts should always decide claims in their exclusive jurisdiction when there is no concurrent action pending in another court).

A broad reading of § 1334(e)'s scope is also inconsistent with § 1334(c). Subsection (c) of 1334, the mandatory and discretionary abstention provision, permits, and under some circumstances requires, a district court to abstain from hearing a proceeding even if it falls within the scope of its jurisdiction under 1334(b).[5] Thus, a district court may decline to hear proceedings with unsettled state law issues or issues that would more properly be heard in another forum, without infringing upon its "exclusive and non-delegable control over the administration of an estate within its possession." *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876 (1940); H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S.Code & Cong. Admin. News p. 6401 (citing *Thompson* favorably). An expansive reading of § 1334(e) would render § 1334(c) virtually useless. "Exclusive" jurisdiction would preclude abstention when most appropriate. Most debtor complaints with state law issues could not be heard by a state court because they would be estate property subject to the exclusive jurisdiction of the district court in which the debtor's bankruptcy case is pending. Moreover, district courts are required to abstain under § 1334(c)(2) from proceedings that may include estate property, but state courts could not hear these proceedings because they are within the exclusive province of these same district courts. This illogical result could not have been the intent of § 1334.

Judge Alaimo's interpretation of § 1334(e) creates an even greater inconsistency with the bankruptcy venue provisions. Like § 1334, these provisions are found in Part IV of title 28. Section 1409(b) provides that the district in which the defendant resides is the only venue for proceedings "arising in" or "related to" a bankruptcy case brought by a trustee "to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000." Under § 1409(d), a trustee may commence a bankruptcy proceeding arising postpetition from the operation of the business of the debtor only in the district in which, "under applicable nonbankruptcy venue provisions, an action on such claim may have been brought." There are situations when a proceeding is estate property and also subject to 1409(b) or (d). *See, e.g., Appel v. Gable (In re B & L Oil Co.),* 834 F.2d 156 (10th Cir.1987) (complaint for turnover of estate property; reversed and remanded to determine if proceeding arises from operation of DIP's business thereby requiring application of § 1409(d)); *McGregor v. American Express Travel Related Services Co. (In re Griffith),* 215 B.R. 893 (Bankr.M.D.Ala. 1997) (preference action; 1409(b) examined); *Britt Airways, Inc. v. Harris County Appraisal District (In re Britt Airways, Inc.),* 169 B.R. 533 (Bankr.D.Del.1994) (motion pursuant to 1409(d) denied); *Transicoil, Inc. v. Blue Dove Development Assoc. (In re Eagle–Picher Industries, Inc.),* 162 B.R. 140 (Bankr.S.D.Ohio 1993) (same); *Jim Walter Resources Inc. v. S.E. Belcher, Jr. (In re Hillsborough Holdings Corp.),* 146 B.R. 1008 (Bankr.M.D.Fla. 1992) (venue in "home court" improper pursuant to § 1409(d); proceeding transferred to "outpost court" pursuant to § 1412); *Luper v. Capital Conveyor (In re Lee Way Holding Co.),* 104 B.R. 881 (Bankr.S.D.Ohio 1989) (turnover action; objection pursuant to § 1409(b) waived). In determining whether §§ 1409(b) or (d) applied, these courts have assumed that § 1334(e) was not applicable because of its

---

**5.** Jurisdiction over bankruptcy proceedings is nonexclusive under § 1334(b).

narrow scope. If the defendants' view of § 1334(e) governed, the only court with the power to hear those proceedings would be "the district court in which [the debtors'] case under title 11" was pending and neither § 1409(b) nor (d) could change this. A broad interpretation of 1334(e)'s scope causes a conflict with §§ 1409(b) or (d) if venue in the "home court" is improper under one of the latter provisions and estate property is involved. Exclusive "home court" jurisdiction renders §§ 1409(b) and (d) meaningless in these situations. *Hillblom v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 61 B.R. 758, 766 (S.D.Tex.1986).

Based on the scheme of the applicable statutes, this Court finds that § 1334(e) does not clearly define the scope of its exclusive jurisdiction of property of the estate. Does it include all proceedings involving property of the estate, only proceedings to administer and distribute estate property? Does it only grant exclusive "control" of estate property or something else? The Court finds that this ambiguity, and the inconsistencies between Part IV of title 28 and an expansive interpretation of § 1334(e) permit the Court to refer to the legislative history to clarify § 1334(e).

A major impetus of the 1978 Code was "to enlarge the jurisdiction of the bankruptcy court in order to eliminate the serious delays, expense and duplications associated with the ... dichotomy between summary and plenary jurisdiction." S.Rep. No. 989, 95th Cong., 2d Sess. 17–18 (1978), U.S.Code & Cong. Admin. News pp.5787, 5803. In general, summary jurisdiction included actions relating to estate administration or estate property in the possession of the court. J. Ferriell, *Core Proceedings In Bankruptcy Court*, 56 UMKC L. REV. 47, 83–84 (1987). Plenary actions included complaints against parties

who had not consented to the bankruptcy court's authority or where the property was not in the actual or constructive possession of the court. *Id.* Bankruptcy referees under the 1898 Bankruptcy Act were not permitted to hear plenary actions. *Id.* They could exercise most of the district court's summary jurisdiction. *Id.* Section 1334 was intended to "eliminate entirely" the summary/plenary jurisdictional dichotomy. *Id.* Section 1334(b) extends bankruptcy jurisdiction to include *in personam* jurisdiction. H.R.Rep. No. 95–595, *supra*, at 445, U.S.Code & Cong. Admin. News at 6401. Bankruptcy jurisdiction over property within its constructive or actual possession, i.e., *in rem* jurisdiction, continued as well under § 1334. *Id.* ("The bankruptcy court is given in personam as well as in rem jurisdiction ....").[6]

Section 1334(e) went a step further and designated the "home court" the exclusive jurisdiction for resolving *in rem* claims against estate property. It overrides the general conflict of jurisdiction rule that the first court to assert jurisdiction has exclusive jurisdiction over an *in rem* claim. *Penn General Casualty Co. v. Commonwealth of Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935). This is the extent of § 1334(e). *In the Matter of United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir.1997).

This interpretation of § 1334(e) does not leave it without any meaning. *See, Cook*, 220 B.R. at 923 (finding that courts limit "exclusivity" by inferring that "§ 1334(e) means nothing at all"). First, exclusive *in rem* jurisdiction is an important aspect of bankruptcy jurisdiction. Second, the efficacy of bankruptcy depends on the existence of one court to control assets and distribute them in accordance with the priority scheme established by the Bankruptcy Code. Section 1334(e) grants this power exclusively to the "home court." For in-

---

6. *In rem* proceedings are those under which an obligation is to be enforced against a thing, or item of property, regardless of the persons involved. An *in personam* action seeks to impose an obligation on a person. *See,* BLACK'S LAW DICTIONARY 856–57 (7th ed.1999) (defining jurisdiction *in rem* and *in personam* ).

stance, if a "non-home court" determines that a party is liable to a debtor and must pay damages, the damages will be paid to the trustee or debtor-in-possession and will be distributed according to rulings and procedures of the "home court." Collection or liquidation of estate property may not require knowledge of bankruptcy law and may be conducted in any appropriate nonbankruptcy or "outpost" forum. Section 1334(e) accomplishes this. It vests the "home court" with the exclusive power to control and distribute property of the estate without requiring it to determine the extent of property of the estate.

Defendants' reading of § 1334(e) would leave bankruptcy courts in gridlock. This Court alone has granted many motions for relief from stay to liquidate claims in state court and has abstained to allow parties to proceed in state court for the same purpose. These proceedings often involve estate property. Once liquidated, the property is required to be turned over to the court, trustee, or debtor-in-possession. Defendants' view of § 1334(e) would compel this Court to hear these matters, even if nonbankruptcy law controls or the matter is ready to be tried in state court. This Court holds that § 1334(e) does not have such a far-reaching effect. Although its language is admittedly not expressly limited to *in rem* jurisdiction, this Court finds that based on the statutory scheme, the legislative history and the nature of bankruptcy practice, § 1334(e) is limited to giving the "home court" exclusive jurisdiction over *in rem* matters.

With the foregoing analysis in mind, the Court finds that § 1334(e) does not make the "home court" the exclusive forum to hear debtor complaints regarding violations of the Bankruptcy Code. Such proceedings are not *in rem* matters. *See, U.S. Brass, supra,* at 1267–68 (§ 1334(d) [7] does not deprive "outpost court" of jurisdiction over debtor's complaints regarding

scope of insurance policies). These proceedings seek to impose liability on various corporations for actions taken (or not taken) by them. These proceedings have nothing to do with a specific item of property held by a debtor or all debtors.

### II.

■ The defendants raise other issues as to why nationwide jurisdiction over bankruptcy proceedings is not appropriate. Their arguments are:

A. This Court is not the proper venue for proceedings in cases of debtors not filed in this district.

B. This action is not a core proceeding.

C. This Court should abstain from hearing these proceedings as they pertain to debtor cases not filed in this district.

D. Exercising jurisdiction will require this Court to collaterally attack other court's final orders.

Admittedly, some of these issues loom very large in the future of these actions. They are roadblocks which may limit the size of any class or the scope of the issues covered. However, this Court is unwilling to conclude that its jurisdiction is limited by these issues. They are separate from jurisdiction and need to be recognized as such. The Court will address each of these issues only to the extent appropriate at this time.

### A.

As stated above, the venue statute does not preclude nationwide jurisdiction; it, in fact, supports it or there is no need for the venue provisions. However, the defendants assert that if that is true, the appropriate venue for each debtor is where the debtor's case is filed. This argument is premature. Class certification issues include "the interest of members of the class in individually controlling the prosecution

---

7. Former § 1334(d), was redesignated as current § 1334(e) by § 104(b) of the Bankruptcy

Reform Act of 1994, Pub.L. No. 103–394.

... of separate actions ... [and] the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Bank. P. 7023(b)(3). This issue should be taken up in conjunction with class certification.

### B.

■ Defendants assert that the class action suits are not core proceedings under 28 U.S.C. § 157(b). Therefore, this Bankruptcy Court cannot hear and determine these motions or any part of these proceedings. Defendants assert that the District Court should withdraw the reference or this Court should certify findings and conclusions to the District Court for its ruling. The defendants want to avoid multiple appellate layers if possible, while also disputing the Bankruptcy Court's and District Court's jurisdiction over these proceedings. The issue would be premature to the extent that the Court has before it solely the issue of jurisdiction at this time. *In re Toledo,* 170 F.3d at 1345 n. 6 (whether a proceeding is core is analytically separate from whether there is jurisdiction). However, in order to decide whether to certify this ruling to the District Court, this issue does have to be addressed.

Through the District Court's jurisdiction over bankruptcy matters, this Court also has jurisdiction as the District Court's "unit." 28 U.S.C. § 151. Section 157(a) of title 28 refers all proceedings "arising under title 11 or arising in ... a case under title 11" to the bankruptcy judges for the district. The Order of Reference of this District dated July 20, 1984 (effective July 10, 1984) clearly makes that reference.

In the mass of referred matters, bankruptcy judges can hear and determine all "core proceedings." Core proceedings include matters which relate to the administration of bankruptcy cases, matters concerning property of the estate and avoiding actions. 1 COLLIER ON BANKRUPTCY ¶ 3.02[3] (15th ed.1999). There is no definition of a core proceeding in title 28. The defendants argue

that core proceedings are only matters connected to bankruptcy cases over which this bankruptcy judge or the judges in this district have control. Plaintiffs assert that this interpretation is too narrow a reading of "core proceedings."

The scheme of core and noncore proceedings was established as a result of the *Marathon* decision of the U.S. Supreme Court. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Prior to that ruling, the 1978 Code gave bankruptcy judges the authority to finally determine all matters that were within the district court's bankruptcy jurisdiction. In its plurality opinion in *Marathon,* the Supreme Court held that bankruptcy judges could not finally determine state law claims. *Marathon,* 458 U.S. 50, 102 S.Ct. at 2878. The Court held that "related to" jurisdiction was not to be exercised finally by bankruptcy judges. *Id.* The Court distinguished the "related to" proceedings from the "public rights" over which a bankruptcy court did have authority. *Id.,* 458 U.S. 50, 102 S.Ct. at 2871. "[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages." *Id.*

Based on this decision, Congress passed 28 U.S.C. §§ 157(a) and (b) which gives core jurisdiction to bankruptcy courts over the cases and proceedings which *Marathon* did not take away. Section 157(c) gives noncore jurisdiction over *Marathon* type proceedings. The plaintiffs in this case have structured their complaints so *only* federally created bankruptcy issues are involved. No state created rights are at issue. Therefore, the class action suits are core proceedings. Even if defendants are correct in their assertion that these proceedings are not connected to bankruptcy cases over which the judges in this District have control, the core nature of these proceedings is not changed. *See,*

*Aiello v. Providian Financial Corp. (In re Aiello)*, 231 B.R. 693, 705 (Bankr.N.D.Ill. 1999) ("[Related to] nexus, however, is not required when the Court is interpreting fundamental provisions of the Bankruptcy Code as to all of the class members").

The Supreme Court further explained its view of core versus noncore jurisdiction in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) and *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). The Court recognized that when a creditor files a claim in a bankruptcy case, it "triggers the process of 'allowance and disallowance of claims,' thereby subjecting ... [itself] to the bankruptcy court's equitable power." *Langenkamp, supra*, 498 U.S. at 44, 111 S.Ct. 330 (citing *Katchen v. Landy*, 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966)). The creditors who are defendants in these cases filed claims in the debtors' chapter 13 cases.

It is true that the language of § 157(b)(2) speaks of "the estate" and "a case" and does not speak of them collectively. However, § 157(b)(2) is not an exclusive listing of core proceedings. It uses the words "includes, but are not limited to." Second, as to each matter in the class, the language is correct. For example, a proceeding is core if it concerns administration of the estate of a debtor, notwithstanding the pendency of the debtor's bankruptcy case in another district. 28 U.S.C. § 157(b)(2)(A).

28 U.S.C. § 1334(e), *supra*, also casts doubt on defendants' interpretation of § 157. This provision essentially limits *in rem* claims against estate property to the district in which a debtor's "case under title 11 is commenced or is pending." Thus, Congress knew how to limit jurisdiction over specific matters to the district in which the debtor's bankruptcy case is pending. Congress chose not to do so with respect to all bankruptcy proceedings. To

the contrary, district courts have jurisdiction over bankruptcy proceedings, regardless of where the debtor's case is pending, and these proceedings "shall be referred to the bankruptcy judges for the district," once again, regardless of whether the district is the one in which the debtor's bankruptcy case is pending. 28 U.S.C. §§ 157(a) and 1334(b).[8]

Therefore, the matters are core proceedings and this Court has the authority to enter a final order.

## C.

Abstention is an action a court can take to dismiss a case even if it has jurisdiction. 28 U.S.C. § 1334. This motion is premature. Class certification includes consideration of issues such as "the interest of members of the class in individually controlling the prosecution ... of separate actions ... [and] the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." Fed. R. Bankr.P. 7023(b)(3). This matter should be taken up in conjunction with that ruling.

## D.

The defendants assert that the Court should dismiss the actions or abstain from them because the relief sought could modify or overrule final orders already made by other bankruptcy courts. The defendants are correct that courts should not allow parties to use this Court or any court to collaterally attack other courts' orders. *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1501, 131 L.Ed.2d 403 (1995) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected") (cites omitted). However, again, this issue is a

---

8. A bankruptcy court can exercise jurisdiction over a lawsuit which is not filed in the "home court." *See, e.g., A.B. Real Estate, Inc., SNA v. Bruno's, Inc. (In re Bruno's)*, 227 B.R. 311 (Bankr.N.D.Ala.1998).

premature one. The Court cannot rule on this issue until it is clear how the class to be certified will be defined. Fed. R. Bankr.P. 7023(b)(3) requires the court to consider at a class certification hearing, "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class ... [and] the difficulties likely to be encountered in the management of a class action." This issue should be taken up in conjunction with that ruling.

Additionally, the definition of the class may exclude this issue. Perhaps some or all of the class members will not have final orders precluding these suits; perhaps section 502(j) is expansive enough to allow review; perhaps the class is only cases in this district or a limited number of districts; perhaps only injunctive relief will be sought. Until these matters are determined, this issue cannot be addressed.

### III.

Defendants assert that the relevant jurisprudence other than Judge Alaimo's opinion discussed in Part I supports dismissal of these actions for lack of subject matter jurisdiction. They rely primarily on the three opinions by Bankruptcy Judge Jack B. Schmetterer for the Northern District of Illinois. Although Judge Schmetterer did dismiss three actions brought by a class of bankruptcy debtors, his decisions were based on more than a mere lack of subject matter jurisdiction. The matters before him included state law claims which changes the issues and jurisdictional posture. *Wiley v. Mason (In re Wiley)*, 224 B.R. 58 (Bankr.N.D.Ill.1998) (monetary relief for state and bankruptcy law claims would not effect estate of class representative; summary judgment based on undisputed voluntary payments by debtor); *Lenior v. GE Capital Corp. (In re Lenior)*, 231 B.R. 662 (Bankr.N.D.Ill.1999) (state law claims preempted); *Knox v. Sunstar Acceptance Corp. (In re Knox)*, 237 B.R. 687 (Bankr.N.D.Ill.1999) (state law claims preempted; no private right of

action under Bankruptcy Code). To the extent that Judge Schmetterer opined that there is no bankruptcy subject matter jurisdiction over class action claims invoking substantive bankruptcy rights, this Court respectfully disagrees and adopts the reasoning of Bankruptcy Judge Erwin I. Katz, also for the Northern District of Illinois, in *Aiello v. Providian Financial Corp. (In re Aiello)*, 231 B.R. 693 (Bankr. N.D.Ill.1999).

In *Aiello*, Judge Katz found core subject matter jurisdiction to hear a complaint composed of a nationwide class of debtors. The class complaint involved alleged automatic stay violations. The defendants in *Aiello* conceded that the named plaintiff's claim was a core proceeding, but argued that the court did not have jurisdiction to enforce the automatic stay on behalf of class members whose bankruptcy cases were not pending in Judge Katz's district. *Id.* at 703–704. Judge Katz disagreed because the cause of action "invokes a substantive bankruptcy right which could only arise in the bankruptcy context." *Id.* at 704. These matters are core. *Id.* The defendants "related to" argument was found to be irrelevant. *Id.* at 705. This reasoning applies equally to the class actions before this Court.

Although Judge Katz found that he had core subject matter jurisdiction over the class action, he found several deficiencies under Fed.R.Civ.P. 23 and granted the defendants' motion to strike the class allegations. *Id.* at 716–17. This Court agrees with Judge Katz that jurisdiction is an issue separate from the class certification matters. Abstention, collateral attack and transfer of venue are also separate and distinct from jurisdiction.

### CONCLUSION

The Court concludes that it has subject matter jurisdiction over the issues raised in these proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157 and the Order of Reference of the District Court. These matters are also core proceedings pursuant to

28 U.S.C. § 157(b) and the Court has the authority to enter a final order in these proceedings.

IT IS ORDERED that the defendants' motions to dismiss these proceedings for lack of subject matter jurisdiction are DENIED and the remaining issues will be carried for further consideration at a later date to be set by the Court;

IT IS ALSO ORDERED that a further pretrial hearing will be held in these proceedings on *March 14, 2000 at 10:30 a.m.* to determine a schedule for discovery and to set a class certification hearing.