**In re Cathy A. SINGLETON, Debtor.**

**Cathy A. Singleton, Plaintiff,**

v.

**Wells Fargo Bank, N.A., Defendant.**

Bankruptcy No. 95–11298.
Adversary No. 00–1026.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 26, 2002.

Louis W. Grande, Jr., Louis W. Grande & Associates, Providence, RI, for debtor.

*ORDER CLARIFYING PRIOR ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Defendant's Motion for Reconsideration and/or Clarification of a November 13, 2001 Decision and Order of this Court, that a class action suit could be maintained on issues relating to an alleged violation of the statutory discharge injunction, 11 U.S.C. § 524. A ruling on nationwide class certification was deferred until discovery was complete, and the parties were ordered to file a discovery plan by November 26, 2001.

During discovery, however, it became apparent that the parties needed to know whether class certification was going to be considered on a nationwide basis or would be limited to Rhode Island debtors. Both sides ask that this issue be clarified, and have provided lengthy arguments and memoranda in support of their respective positions. For the reasons argued by the Debtor, which are adopted and incorporated herein by reference, and for the reasons stated by Judge Mahoney in *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr.S.D.Ala.2000), which is also adopted and incorporated herein by reference under 28 U.S.C. §§ 1334(b) and 157, and the District Court's Standing Order of Reference dated December 17, 1982, I conclude that this Court has jurisdiction to certify a nationwide class action in this case, and it is so ordered. *See also Bank United v. Manley*, 273 B.R. 229 (N.D.Ala.2001). Within ten days the parties shall file an amended discovery plan, pursuant to Fed. R. Bankr.P. 26(f).